Filed 1/23/14  P. v. West CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>STANLEY ROBERT WEST,<br><br>  Defendant and Appellant. | 2d Crim. No. B243448<br>(Super. Ct. No. 1363298)<br>(Santa Barbara County) |

Stanley Robert West appeals his conviction, by jury, of numerous methamphetamine and firearm possession offenses. He contends the trial court should have stayed, pursuant to Penal Code section 654[1], a concurrent term of three years imposed for one of the firearm offenses, and that the trial court improperly used the same factors to impose an upper term sentence and to impose consecutive terms. We affirm.

*Facts*

On three separate occasions, appellant sold methamphetamine to a confidential informant who was working with the Lompoc police department. Based on those sales, police officers obtained a search warrant for appellant's residence. When they executed the warrant, they discovered a .380 caliber handgun and a .22

---

[1] All statutory references are to the Penal Code unless otherwise stated.

caliber rifle with a modified grip and a barrel measuring only 13 1/2 inches.  Appellant was arrested and released on bail.  While on bail, he was found to be under the influence of methamphetamine and in possession of the same substance.

Appellant was convicted of three felonies relating to the purchases made by the confidential informant: counts 1 and 2, sale and/or transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)),  and count 3, sale of a substitute substance.   (Health & Saf. Code, § 11382, subd. (a).)  Based on items discovered during the search of his residence, appellant was convicted of count 6, possession of a firearm by a felon, e.g., the handgun and the short-barreled rifle (§ 29800, subd. (a), formerly § 12021, subd. (a)); and count 7, possession of a short-barreled rifle.  (§ 33215, formerly § 12020, subd. (a)(1).)  Appellant's final three convictions relate to conduct that occurred after his release on bail:  count 8, sale or transportation of methamphetamine with an on-bail enhancement (Health & Saf. Code, § 11379, subd. (a); § 12022.1, subd. (b)); count 9, possession of methamphetamine with an on-bail enhancement (Health & Saf. Code, § 11378); and count 11, a misdemeanor count of being under the influence of methamphetamine (Health & Saf. Code, § 11550).

The jury acquitted appellant of count 12, dissuading a witness (the confidential informant) from testifying.  (§ 136.1, subd. (a)(1).)  It was unable to reach verdicts on counts 4, 5 and 10, for possession of a firearm while in possession of methamphetamine (Health & Saf. Code, § 11370.1, subd. (a)),  possession of methamphetamine during the search of his residence (Health & Saf. Code, § 11377, subd. (a)), and bringing a controlled substance into the jail during his second arrest.  (§ 4573.)  The trial court declared a mistrial as to those charges.

The trial court sentenced appellant to an aggregate term of 10 years, calculated as follows:  the upper term of four years on count 1, the primary offense, and consecutive terms of one year, eight  months, and eight  months on counts 2, 3 and 6.  It imposed a concurrent term of three years on count 7, for possession of the short

barreled rifle, a consecutive term of one year on count 8 and a consecutive term of eight months on count 9. The trial court imposed a concurrent term of one year on count 11, for the misdemeanor conviction. In addition, it imposed two consecutive, one-year terms for the on-bail enhancements.

*Contentions*

Appellant contends the trial court violated section 654 when it imposed a concurrent term on count 7, for his possession of the short barreled rifle, rather than staying that term. He contends this conduct was either the same as the conduct that resulted in his conviction on count 6, of being a felon in possession of a firearm, or it occurred during the same course of conduct as that offense. Appellant next contends the trial court improperly used the same facts to justify imposing the upper term on count 1 and imposing consecutive terms on counts 8 and 9.

*Discussion*

*Section 654*

Section 654 prohibits the imposition of multiple punishments for the same act or omission; it does not bar multiple punishment for multiple violations of the same statute or for acts committed incident to multiple criminal objectives. (*People v. Correa* (2012) 54 Cal.4th 331, 340-341; *People v. Rodriguez* (2009) 47 Cal.4th 501, 507.) More specifically, section 654 allows multiple punishments where a felon simultaneously possesses multiple firearms. (*People v. Sanders* (2012) 55 Cal.4th 731, 742-743.) "[T]he purpose of section 654 is to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Correa, supra,* 54 Cal.4th at p. 341.) A felon who possesses multiple firearms is more culpable than a felon who possesses only one. (*Id.* at p. 342.) By the same logic, a felon who possesses an illegal weapon, such as a short barreled rifle, is more culpable than a felon who possesses otherwise legal weapons. Here, appellant, who has prior felony convictions, was convicted of possessing two distinct firearms. Section 654 allows him to be punished separately for each possession.

3

*Use of Sentencing Factors*

Appellant contends the trial court erroneously relied on the same factors to justify imposing upper term sentences and to justify imposing consecutive sentences. The contention fails because section 12022.1, subdivision (e) required the trial court to impose consecutive terms and because the trial court relied on multiple factors in making its sentencing choices, any one of which would have justified each choice.

Section 12022.1, subdivision (e) mandates imposition of consecutive terms. The statute provides, "If the person is convicted of a felony for the primary offense, is sentenced to state prison for the primary offense, and is convicted of a felony for the secondary offense, any sentence for the secondary offense shall be consecutive to the primary sentence and the aggregate term shall be served in the state prison, even if the term for the secondary offense specifies imprisonment in county jail pursuant to subdivision (h) of Section 1170." Here, appellant's primary offense, sale or transportation of methamphetamine, was a felony for which the trial court imposed a state prison sentence of three years. The secondary offenses in counts 8 and 9, sale and possession of methamphetamine, were also felonies. As a consequence, the trial court was required under subdivision (e) of section 12022.1 to impose consecutive terms for those offenses.

Second, the trial court relied on multiple factors to justify imposition of the upper term on the primary offense. It stated, "I choose the upper term based on a weighing of the aggravating and mitigating factors. [¶] Circumstances in aggravation [include] that the defendant was convicted of other crimes allegedly committed while on bail . . . , the manner in which the crime was carried out indicating a showing of planning and sophistication or professionalism; that his prior convictions as an adult are numerous and of increasing seriousness, and that he has served a prior prison term." Any one of these factors would support imposition of the upper term; any of the others would support imposition of consecutive terms. (*People v. Osband* (1996)

4

13 Cal.4th 622, 728-729; *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1197-1198.)  There was no error.

*Conclusion*

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.

Patricia Kelly, Judge

Superior Court County of Santa Barbara

_____

R. Addison, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Timothy M. Weiner, Deputy Attorney General, for Plaintiff and Respondent.