[No. F054954. Fifth Dist. Aug. 19, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEE MOBERLY, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part I. of Discussion.

## COUNSEL

Cliff Gardner, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Jeffrey A. White, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAWSON, J.**—Appellant Robert Lee Moberly shot and killed his son during an argument. A jury acquitted him of first and second degree murder, but found him guilty of voluntary manslaughter. The trial court sentenced him to 21 years in prison.

Appellant challenges both his conviction and sentence, arguing that (1) the trial court's failure to give a "benefit of the doubt" instruction regarding the choice between voluntary and involuntary manslaughter violated the requirements of *People v. Dewberry* (1959) 51 Cal.2d 548 [334 P.2d 852] (*Dewberry*) and (2) the trial court violated the proscription against dual use of facts when it relied on the same fact to impose the upper term for manslaughter and for the related gun use enhancement.

We conclude as to appellant's first argument that the trial court's use of CALJIC Nos. 2.02, 8.74, and 8.75 satisfied the requirements of *Dewberry*. Thus, the jury was properly instructed regarding reasonable doubt in connection with the choice between voluntary and involuntary manslaughter.

As to appellant's second argument, we find no prohibited dual use of facts occurred.

We order that errors in the abstract of judgment be corrected. The judgment is otherwise affirmed.

## PROCEDURAL HISTORY

By an amended information filed in September 2007, the district attorney charged appellant with first degree murder (Pen. Code, § 187, subd. (a); count 1),[1] being a felon in possession of a firearm (§ 12021, subd. (a)(1); count 2), and being a felon in possession of ammunition (§ 12316, subd. (b); count 3). The murder count included an allegation that appellant personally used a firearm (§ 12022.5, subd. (a))[2] in committing the offense.

Appellant pled not guilty as to count 1 and denied the enhancement allegations. He entered a no contest plea as to counts 2 and 3.

Jury trial on count 1 began in December 2007. The jury reached a decision on December 18, 2007, finding appellant not guilty of murder but guilty of voluntary manslaughter and finding true the enhancement for personal use of a firearm (§ 12022.5, subd. (a)).

The trial court denied probation and sentenced appellant to a total of 21 years in state prison: the upper term of 11 years for the voluntary manslaughter conviction and the upper term of 10 years, consecutive, for the firearm enhancement. The court also imposed a concurrent three-year upper term on the count 2 charge and a three-year upper term on the count 3 charge, which it stayed pursuant to section 654.[3]

## FACTS

We provide only a limited summary of the facts relating to the crime because the details and the conflicts in the evidence are not material to the issues decided in this appeal. It is enough to state that substantial evidence exists to support appellant's conviction.

---

[1] All further unlabeled statutory references are to the Penal Code.

[2] The amended information, verdict, and abstract of judgment all refer to the charge as section 12022.5, subdivision (a)(1), a nonexistent subdivision.

[3] The abstract of judgment does not indicate that the term on the count 3 charge was stayed pursuant to section 654.

In October 2006, appellant was 59 years old and lived with his wife and their four grandchildren in Bakersfield. Their son, Thomas Moberly, was the father of the four children.

On October 16, 2006, appellant, his wife, and Thomas took one of the children to a counseling session. Thomas's wife, Jackie, also attended the session. During the counseling session, appellant became angry with Jackie, and he and his wife left.

When the counseling session was over, Thomas went to the home of appellant. An argument ensued and Thomas refused to leave. Appellant went to his bedroom and returned with a gun. He again told Thomas to leave. Instead of leaving, however, Thomas moved closer to appellant and said, " 'Go ahead, Dad. Go ahead and shoot me.' " A witness testified that Thomas touched his head to the gun a couple of times.

Appellant's wife, who was standing between her husband and son with her back to her son, heard a gunshot and turned to see Thomas had been shot in the head. Appellant went outside, saw one of his grandsons, and handed him the gun. Then he got in a car and left.

Appellant drove to his brother's house. He was hysterical, crying that an accident had just occurred. He told his brother that, during a dispute in which he wanted his son to leave the house, his son head-butted the gun, saying to go ahead and shoot because he was not leaving.

## DISCUSSION

I. *Reasonable Doubt Regarding Voluntary and Involuntary Manslaughter**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

II. *Dual Use of Aggravating Factor in Imposing Upper Terms*

 A. *Rules of Law Governing the Choice of Terms*

Appellant was sentenced under the post-*Cunningham*[8] version of section 1170. (Stats. 2007, ch. 3, § 2, eff. Mar. 30, 2007.) Under that provision,

---

*See footnote, *ante*, page 1191.

[8] *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856].

"[w]hen a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, subd. (b).)

The California Supreme Court has stated that the broad discretion given to trial courts by section 1170 is subject to review for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847 [62 Cal.Rptr.3d 588, 161 P.3d 1146].) "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*Ibid.*)

 Neither section 1170 nor the California Rules of Court attempt to provide an inclusive list of aggravating circumstances. Thus, a trial court is free to base an upper term sentence upon any aggravating circumstance that (1) the court deems significant and (2) is reasonably related to the decision being made. (*People v. Sandoval, supra*, 41 Cal.4th at p. 848; see Cal. Rules of Court, rules 4.408(a), 4.420(c), (d).)

### B. *Trial Court's Reasons for Imposing Upper Terms*

At the March 2008 sentencing hearing, the trial court heard argument from counsel and stated its determinations regarding mitigation and aggravation:

"Within the sentencing framework, the Court makes the following findings: In mitigation, notwithstanding [the prosecutor]'s arguments, I do find that [appellant] did complete drug diversion in [case No. ]BF079000. His record, given his age, I don't know that the number of convictions are of significance.

"But in aggravation, the crime involved great violence. [Appellant] has served a prior prison term. [Appellant]'s prior performance on misdemeanor probation, felony probation, and parole has been unsatisfactory in that he violated terms and conditions of those statuses and reoffended. And most significantly—I am not going to impose consecutive terms as to the second and third count, the ex-felon in possession of the firearm or ex-felon in possession of the ammunition, but I think the fact that he was an ex-felon and did have those items is a significant factor in aggravation in this case and to a great deal—to a great extent, I should say, is the manner in which I end up coming to the determination that as to both the voluntary manslaughter and the use of firearm, the aggravated terms are appropriate."

### C. *Contentions*

Appellant contends the trial court erred in relying on a single significant factor to impose the upper term on both the voluntary manslaughter count and the gun use enhancement. He argues this violates the prohibition against dual use set forth in *People v. Scott* (1994) 9 Cal.4th 331 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*) and *People v. Velasquez* (2007) 152 Cal.App.4th 1503 [62 Cal.Rptr.3d 164]. We disagree.

As noted in *Scott*, the prohibition against dual use of facts in sentencing is a limited one: "Although a single factor may be relevant to more than one sentencing choice, such dual or overlapping use is prohibited *to some extent.*" (*Scott, supra,* 9 Cal.4th at p. 350, italics added.) The opinion in *Scott* describes three circumstances in which dual use of the same fact or facts is prohibited. We will discuss them seriatim.

The first circumstance in which dual use is proscribed is set out in section 1170, subdivision (b): "[T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed . . . ." California Rules of Court, rule 4.420(c) states the principal rule as follows: "To comply with section 1170(b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so." (See *Scott, supra,* 9 Cal.4th at p. 350.) The trial court here did not use the same fact or facts to impose an upper term and to impose an enhancement. The fact underlying the enhancement (personal use of a firearm), that is, was not used by the trial court as a circumstance in aggravation to select the upper term.

A second circumstance in which dual use is prohibited also is addressed in California Rules of Court, rule 4.420(d): "A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term." *Scott* states the rule as follows: A sentencing court may not "use a fact constituting an element of the offense either to aggravate or to enhance a sentence." (*Scott, supra,* 9 Cal.4th at p. 350.) That is not what occurred here.

*Scott* states a third circumstance in which dual use is proscribed and also notes the limited reach of the proscription: "[T]he court cannot rely on the same fact to impose both the upper term and a consecutive sentence. [Citations.] However, one relevant and sustainable fact may explain a series

of consecutive sentences. [Citations.]" (*Scott, supra*, 9 Cal.4th at p. 350, fn. 12.) Again, the present situation does not involve a violation of the described prohibition.

Appellant provides the following quotation found in dicta, in a footnote, in the opinion in *Velasquez*: "The same fact cannot be used to impose an upper term on a base count and an upper term for an enhancement. (*People v. Scott, supra*, 9 Cal.4th at p. 350.)" (*People v. Velasquez, supra*, 152 Cal.App.4th at p. 1516, fn. 12.) An examination of the opinion in *Scott*, however, nowhere reveals support for this proposition. *Scott* simply does not mention the use of the same fact or facts to select both an upper term for a count and an upper term for an enhancement—the situation that occurred here. We therefore will not follow the lead of *Velasquez*.

■ We will, instead, conclude that the dual use of a fact or facts to aggravate both a base term and the sentence on an enhancement is not prohibited. We draw this conclusion by comparison with cases recognizing there is no prohibition on the dual use of facts to impose more than one aggravated term. (See, e.g., *People v. Robinson* (1992) 11 Cal.App.4th 609, 616 [14 Cal.Rptr.2d 88], disapproved on other grounds in *Scott, supra*, 9 Cal.4th at p. 353, fn. 16; *People v. Williams* (1984) 157 Cal.App.3d 145, 156 [203 Cal.Rptr. 562].) In *People v. Price* (1984) 151 Cal.App.3d 803 [199 Cal.Rptr. 99], the trial court sentenced the defendant to the upper term on each of four fully consecutive counts in a sex crimes case.[9] It used the same set of aggravating circumstances both to make the choice to sentence consecutively and to impose the upper terms on all of the counts. While the appellate court found that the trial court violated the dual use prohibition by using the same facts to select upper terms and sentence consecutively, it found no error in the dual use of facts to select the upper term on the four different counts. (*Price, supra*, at pp. 812, 815–816.)[10] This use of the same facts—to impose the aggravated sentence on multiple, consecutive terms—is for present purposes similar to use of the same fact or facts to impose the aggravated sentence on a single offense and on its accompanying, consecutive enhancement. Appellant provides no rationale for distinguishing the situations, and we find no principled distinction exists. We therefore find no sentencing error occurred.

---

[9] The court had discretion to make the sentences on each count fully consecutive pursuant to section 667.6, subdivision (c). (*People v. Price, supra*, 151 Cal.App.3d at p. 811.)

[10] The *Price* court held that the dually used fact must be reasonably related to each count for which the fact is used. (*People v. Price, supra*, 151 Cal.App.3d at pp. 812–813.) This requirement is not an issue here.

## DISPOSITION

The judgment of conviction and sentence are affirmed. The trial court is directed to amend the abstract of judgment to reflect that (1) the enhancement to count 1 is for section 12022.5, subdivision (a), not section 12022.5, subdivision (a)(1), and (2) the term imposed for count 3 is stayed pursuant to section 654. The trial court is further directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Cornell, Acting P. J., and Kane, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 19, 2009, S176202. Kennard, J., and Werdegar, J., were of the opinion that the petition should be granted.