Filed: 1/21/15  P. v. Perkins CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

|  |  |
|---|---|
| THE PEOPLE, | B251385 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA095315) |
| v. | |
| SHAWN PERKINS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark C. Kim, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Following his conviction for assault with a firearm with enhancements for inflicting great bodily injury, firearm use and prior felony convictions, Shawn Perkins was sentenced to 29 years in state prison. Perkins's sole contention on appeal is that his trial counsel provided ineffective assistance at the sentencing hearing because he failed to object to the court's impermissible dual use of certain factors to impose the upper term for aggravated assault and for the related firearm-use enhancement. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *The Aggravated Assault*

Amiracle Johnson was visiting family members in Long Beach the weekend of March 15-17, 2013. On Friday night Johnson and one of his cousins encountered Perkins and several other people on the sidewalk. Johnson, who had seen Perkins earlier that day, asked, "Can I hit a cigarette?" After Perkins passed the cigarette to Johnson, someone commented, "Oh, he's probably got AIDS." Johnson took offense and challenged Perkins's group to fight. Angry words were exchanged. Perkins pulled out a revolver and shot Johnson four times from a distance of six or seven feet.

One of the bullets penetrated Johnson's chest and struck a lung. He was also hit in the right bicep and back. Johnson spent a week in the hospital, including three days in the intensive care unit, and underwent two surgeries.

### 2. *Verdict and Sentence*

The jury convicted Perkins of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and found true the special allegations he had personally used a firearm (§ 12022.5, subd. (a)) and had personally inflicted great bodily injury when committing the offense (§ 12022.7, subd. (a)). Perkins admitted in a bifurcated proceeding he had suffered one prior serious or violent felony conviction within the meaning of the three

---

[1] The jury was unable to reach a verdict on the charge of attempted willful, deliberate and premeditated murder (Pen. Code, §§ 187, 664), and the court declared a mistrial as to that count.

Statutory references are to the Penal Code.

2

strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and section 667, subdivision (a), and had served three separate prison terms for felonies (§ 667.5, subd. (b)).

The trial court denied Perkins's motion to dismiss his prior strike conviction (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497) and sentenced him to state prison for 29 years:  the upper term of four years for assault with a firearm doubled under the three strikes law, plus the upper term of 10 years for personal use of a firearm in the commission of the felony, plus three years for personal infliction of great bodily injury, plus five years for the prior serious felony conviction and three additional years for the separate prior prison terms.

The trial court explained its sentencing decisions:  "The mitigating factors are none.  There are no mitigating factors.  Aggravating factors are the victim was especially vulnerable, he was standing on the street when he was shot at multiple times.

"Also, *Romero* motion is denied as well because even though the strike prior[] is from 2008, since the strike prior defendant suffered multiple convictions including two additional felony convictions resulting in state prison commitment in 2008 for the underl[y]ing strike case, as well as in 2010, for violation of Health and Safety Code section 11350(A), in Case Number NA084432.  And then after he was released on parole he went back to prison again, year later, August 11, 2011, in Case Number NA089638, for violation of second degree burglary, forgery, and so forth.  In addition, while this alleged incident took place, the defendant was on probation for domestic violence in Case Number 3LG00417.

"The crime was especially heinous in that he fired multiple rounds at a victim who was standing four to five feet away from him, which resulted in the named victim getting shot multiple times and actually getting hit.  So I don't find that there are any mitigating factors; the[re] are aggravating factors."

Perkins's counsel neither objected to the trial court's statement of reasons for its sentencing choices nor argued the court had impermissibly used an element of the

3

charged offense or the facts supporting the enhancements to impose the upper term for assault with a firearm.

## DISCUSSION

1. *Governing Law*

    a. *Sentencing to the upper term and the dual use of sentencing factors*

When a determinate sentencing statute authorizes three possible terms of imprisonment, "the choice of the appropriate term shall rest within the sound discretion of the court." (§ 1170, subd. (b).) "The court shall select the term which, in the court's discretion, best serves the interests of justice." (*Ibid.*) In exercising that discretion, the sentencing court "may consider circumstances in aggravation or mitigation, and any other factor reasonably related to the sentencing decision." (Cal. Rules of Court, rule 4.420(b).)[2] The relevant circumstances may be obtained from the record in the case, the probation report, statements from the victim of the crime and evidence introduced at the sentencing hearing. (§ 1170, subd. (b); rule 4.420(b).) When imposing a sentence enhancement punishable by one of three terms, the court is also authorized, in its discretion, to "impose the term that best serves the interest of justice." (§ 1170.1, subd. (d).)

The existence of a single aggravating circumstance is legally sufficient to make the defendant eligible for imposition of the upper term. (*People v. Black* (2007) 41 Cal.4th 799, 816; *People v. Osband* (1996) 13 Cal.4th 622, 728; see *People v. Quintanilla* (2009) 170 Cal.App.4th 406, 413.) Moreover, the use of the same fact or facts to aggravate both a base term and the sentence on an enhancement is permissible. (*People v. Chism* (2014) 58 Cal.4th 1266, 1336; *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1198.)

Notwithstanding the trial court's broad discretion in crafting a sentence, generally reviewable only for abuse, "the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of the law."

---

[2] Citations to rule or rules are to the California Rules of Court.

4

(§ 1170, subd. (b); see rule 4.420(c) ["a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so"].)  Similarly, a fact that is an element of the offense may not be used as a reason to impose the upper term.  (Rule 4.420(d).)

Although such dual use of facts to impose an upper term or an enhancement is improper, "'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.'"  (*People v. Boyce* (2014) 59 Cal.4th 672, 730, quoting *People v. Scott* (1994) 9 Cal.4th 331, 356; accord, *People v. McCullough* (2013) 56 Cal.4th 589, 594-595.)  "'[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' are subject to forfeiture, including 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.'"  (*Boyce*, at p. 731.)

### b.  *Ineffective assistance of counsel*

To establish ineffective assistance of counsel under either the federal or state constitutional guarantee, a defendant must show ""''that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that counsel's deficient performance was prejudicial, i.e., that a reasonable probability exists that, but for counsel's failings, the result would have been more favorable to the defendant."''"  (*In re Crew* (2011) 52 Cal.4th 126, 150; see *Strickland v. Washington* (1984) 466 U.S. 668, 694 [104 S.Ct. 2052, 80 L.Ed.2d 674].)  "'The burden of sustaining a charge of inadequate or ineffective representation is upon the defendant.  The proof . . . must be a demonstrable reality and not a speculative matter.'"  (*People v. Karis* (1988) 46 Cal.3d 612, 656.)

In considering a claim of ineffective assistance of counsel, it is not necessary to determine "'whether counsel's performance was deficient before examining the prejudice

5

suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.'" (*In re Champion* (2014) 58 Cal.4th 965, 1007, quoting *Strickland v. Washington, supra,* 466 U.S. at p. 697; *In re Alvernaz* (1992) 2 Cal.4th 924, 945; *People v. Mesa* (2006) 144 Cal.App.4th 1000, 1008.) It is not sufficient to show the alleged errors may have had some conceivable effect on the trial's outcome; the defendant must demonstrate a "reasonable probability" that absent the errors the result would have been different. (*Champion*, at p. 1007; *Mesa*, at p. 1008.)

2. *Perkins Has Failed To Show He Suffered Any Prejudice*

Recognizing his counsel's silence forfeited any direct challenge to the trial court's purported dual use of facts in selecting the upper terms for aggravated assault and personal use of a firearm during the commission of a felony, Perkins contends counsel's failure to object to those sentencing decisions constituted ineffective assistance. Even if his counsel's performance at the sentencing hearing was deficient, Perkins's claim fails because he has not demonstrated a reasonable probability he would have received a shorter prison term had an objection been made.

Because the trial court imposed both a great bodily injury enhancement and a firearm-use enhancement, Perkins is correct the fact Johnson was injured when Perkins shot him, without more, could not properly support imposition of an upper term sentence.[3] However, as discussed, in exercising its sentencing discretion the trial court focused on the fact Perkins had shot Johnson multiple times at very close range—properly considered an aggravating factor under rule 4.421(a)(1) ("[t]he crime involved great violence . . . or other acts disclosing a high degree of cruelty, viciousness, or

---

[3] Although use of a firearm is obviously an element of the crime of assault with a firearm (§ 245, subd. (b)), section 12022.5, subdivision (d), expressly provides the additional term provided by section 12022.5, subdivision (a)—the firearm-use enhancement imposed in this case—"shall be imposed for any violation of Section 245 if a firearm is used . . . ."

callousness") and rule 4.421(b)(1) ("[t]he defendant has engaged in violent conduct that indicates a serious danger to society").

Similarly, Perkins's convictions in three prior felony cases, standing alone, do not support an upper term sentence because the court imposed additional one-year enhancements for the separate prison terms he had served. But under rule 4.421(b)(2) the court may use as an aggravating factor the fact "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." That is, the court is authorized to consider the nature of the crimes involved, as well as their number. As the court explained, although he served only one prison term within the meaning of section 667.5, subdivision (b), for his most recent convictions in 2011, that case actually involved three separate felonies. Viewed in the aggregate, Perkins's criminal history was an appropriate factor in aggravation, as well as a proper basis to deny his *Romero* motion.

The trial court's assessment Johnson "was particularly vulnerable" (see rule 4.421(a)(3)) is not challenged by Perkins on appeal as involving the dual use of a sentencing factor but on the ground "Johnson cannot be distinguished from countless other shooting victims." However, the evidence at trial established Johnson was unarmed and shot at night and at close range. Those facts are sufficient to support the trial court's characterization. Finally, Perkins concedes the court properly took into consideration the fact he was on probation for a domestic violence offense when the current incident occurred. (Rule 4.421(b)(4) ["[t]he defendant was on probation or parole when the crime was committed"].) That single factor alone, as acknowledged by Perkins, is legally sufficient to support the 29-year sentence imposed here. (See *People v. Chism, supra,* 58 Cal.4th at p. 1336; *People v. Osband, supra,* 13 Cal.4th at p. 728.)

In evaluating all these circumstances in aggravation, the trial court emphasized the absence of any mitigating factors. Indeed, when explaining its sentencing decision, the court stated three times that there were no factors in mitigation. Nothing in this record suggests, let alone demonstrates a reasonable probability, the trial court would have

7

imposed a more favorable (shorter) sentence had Perkins's counsel pointed out the limited manner in which the dual use prohibition may have applied in this case.  Simply put, Perkins has not shown any deficient performance by his counsel resulted in prejudice.  Error, if there was one, was harmless because "[i]t is not reasonably probable that a more favorable sentence would have been imposed in the absence of the error." (*People v. Avalos* (1984) 37 Cal.3d 216, 233; see *People v. Osband, supra*, 13 Cal.4th at pp. 728-729.)

### DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


WOODS, J.


ZELON, J.