Filed 10/22/15  P. v. Quintana CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VICTOR MANUEL QUINTANA,<br><br>    Defendant and Appellant. | B260991<br><br>(Los Angeles County<br>Super. Ct. No. KA091434) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Martinez, Judge.  Affirmed in part, and remanded with directions.

Jennifer Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerard A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

**INTRODUCTION**

This matter is before us for a second time. Appellant initially was sentenced to 66 years to life. He appealed, and on August 19, 2014, this court affirmed the convictions and remanded the matter for resentencing. At the resentencing hearing, the trial court sentenced appellant to 43 years in state prison, consisting of several upper-term sentences.

Appellant noticed an appeal, contending that the trial court abused its discretion in imposing the upper terms. For the reasons stated below, we find no error in the imposition of the aggravated terms. Additionally, the People request that this court correct certain clerical errors in the minute order and abstract of judgment. We will remand with directions to make the requested corrections.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Appellant Victor Manuel Quintana was convicted of committing lewd acts upon a child, I.D. (Pen. Code, § 288, subd. (a); counts 1, 2 & 4),[1] continuous sexual abuse, by engaging in three or more specified acts against I.D. and her sister, A.D. (§ 288.5, subd. (a); counts 3 & 5), and attempted forcible lewd acts upon a child, A.D. (§§ 288, subd. (b)(1)/664; count 6).

At the resentencing hearing, the trial court noted: "This case involved multiple acts of abuse against children that started at an age as young as five and continued for multiple years. It involved touching. They involved having the children touch him, and they all involved and were directed to his own self-gratification. The children were extremely young, extremely vulnerable. . . ." The trial court found "no mitigating circumstances," and initially imposed a total term of 52 years in state prison.

---

[1]     All further statutory citations are to the Penal Code, unless otherwise stated.

After considering defense objections, the trial court sentenced appellant to a total term of 43 years in state prison, consisting of upper-term sentences on counts 1, 2, 3, and 5. The sentence on count 2 was concurrent. In imposing the upper terms, the trial court stated, "The selection of high terms is based on numerous incidents involved in this case, [and] the vulnerability of the children." The trial court also denied probation "based on the multiple sex crimes committed, the vulnerability of the children victims, and the danger imposed [*sic*] by [appellant]."

## DISCUSSION

A.    Imposition of Aggravated Terms

Under California's determinate sentencing law (DSL), which specifies three terms for most offenses, the decision to impose an upper term rests within the broad discretion of the trial court. (*People v. Sandoval* (2007) 41 Cal.4th 825, 836, 847.) Under the DSL, a trial court may base an upper term sentence upon any aggravating circumstance (1) that the court deems "significant," and (2) that is "'reasonably related to the decision being made.'" (*Id.* at p. 848.) A single aggravating circumstance may be used to impose multiple upper terms for different offenses. (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1198.) However, the sentencing court is prohibited from using the same fact to impose an upper term and a consecutive sentence for separate offenses, or to impose an aggravated term and an enhancement. (*People v. Scott* (1994) 9 Cal.4th 331, 350 & fn. 12.) Similarly, a fact that is an element of the substantive offense cannot be used to impose an aggravated term. (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.)

Here, the trial court imposed upper terms based on the number of incidents and the particular vulnerability of the victims. Appellant contends that the number of incidents already was accounted for in the multiple substantive offenses

3

charged, and that the victims were not particularly vulnerable, as their ages are an element of the substantive offenses. In short, appellant contends the trial court abused its discretion in imposing the upper term by relying upon the same facts that are elements of the substantive offenses. We disagree.

Substantial evidence supports the trial court's findings (1) that the number of incidents exceeded the minimum required as part of the substantive offenses, and (2) that the victims were particularly vulnerable. As to the number of incidents, A.D. testified that appellant began abusing her when she was in the second grade, and that he continued the abuse until she was in the fifth grade. She stated that appellant abused her more than 10 times. I.D. testified that appellant began molesting her when she was five years old, about halfway through the school year. I.D. stated that appellant would molest her every morning she went to school, and that he molested her more often when she turned six. On this record, substantial evidence supports the trial court's finding that appellant committed more than six wrongful acts against I.D. -- the minimum number required for counts 1, 2, and 3 -- and more than three wrongful acts against A.D. -- the minimum number required for count 5. (See *People v. Castorena* (1996) 51 Cal.App.4th 558, 562 ["[W]here the facts surrounding the charged offense exceed the minimum necessary to establish the elements of the crime, the trial court can use such evidence to aggravate the sentence"].)

Substantial evidence also supports the trial court's finding that the victims were particularly vulnerable. The victims were much younger than 14 years old -- an element of the substantive offenses. More important, appellant had a close relationship with the victims, and he abused the trust their mother placed in him. I.D. testified that appellant slept in the same bed with her mother, that he would drop her off at school, that he would keep watch over her until her mother came

home from work, and that she looked at him as a father figure. A.D. testified that appellant was her mother's boyfriend, that her mother trusted him and loved him very much, that he would take care of her and her sister, that he would take them out to restaurants, and that he helped the family find a place to live after they were evicted from their previous home. On this record, substantial evidence supports the trial court's finding that the victims were particularly vulnerable. (See, e.g., *People v. DeHoyos* (2013) 57 Cal.4th 79, 154 ["[A] crime victim can be deemed particularly vulnerable as an aggravating factor 'for reasons not based solely on age, including the victim's relationship with the defendant and his abuse of a position of trust'"]; *People v. Dancer* (1996) 45 Cal.App.4th 1677, 1693, reversed on another point in *People v. Hammon* (1997) 15 Cal.4th 1117, 1123 [victim's extremely young age combined with other circumstances can establish "'particular vulnerability'" as aggravating factor].) In short, we discern no error in the trial court's exercise of its discretion to impose the aggravated terms on counts 1, 2, 3, and 5.

B.     Clerical Errors in Minute Order and Abstract of Judgment.

In the prior appeal, we noted that the original count 6 was dismissed, and that the original count 7 was renumbered to count 6. At the resentencing hearing, the trial court noted that the abstract of judgment should be amended to make the correction. Unfortunately, neither the minute order nor the abstract of judgment was corrected. In addition, the abstract of judgment does not accurately reflect the date of the resentencing hearing. The People have requested that we correct these clerical errors, and appellant raises no objection. Accordingly, we will remand with directions to make the corrections.

## DISPOSITION

The matter is remanded with directions to the clerk of the superior court to correct the minute order and abstract of judgment to reflect that the attempted lewd acts conviction is designated as count 6. The abstract of judgment shall also be corrected to reflect that the resentencing hearing was held on December 16, 2014. As corrected, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.**

MANELLA, J.

We concur:

EPSTEIN, P. J.

WILLHITE, J.

6