Filed 10/25/21  P. v. Anaya CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076316 |
| v. | (Super.Ct.No. FWV20001127) |
| CARLOS ANAYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Daniel W. Detienne, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found Carlos Anaya guilty of attempted carjacking and found true two enhancement allegations. The judge sentenced Anaya to an aggregate term of 16 years, which included the upper term for the attempted carjacking. Anaya now argues the judge erred in imposing the upper term on the attempted carjacking. The People argue Anaya forfeited this claim, and in any case, it fails on the merits. We affirm.

## I.  FACTS

On April 9, 2020, Anaya pled guilty to unlawfully taking a vehicle (the "trailing vehicle taking case"). (Veh. Code, § 10851, subd. (a).) That same day he was released on his own recognizance pending sentencing under a *Cruz*[1] waiver.

Eight days later, 16-year-old John Doe was eating lunch alone in his car outside his family's recycling center. Anaya approached Doe, opened the car door, and stood between the door and Doe. Anaya asked Doe for his name and whether he worked there. Then, Anaya put one hand under Doe's leg and one hand on his back and tried to pull him out of the car. Doe pushed him away, got out of the car, and closed the door. Anaya "squared up" by raising both his fists and attempted to punch Doe. Doe ducked the punch and punched back.

At that point, Anaya went around Doe and got in the car. Doe grabbed Anaya to try to pull him out of the car, and Anaya grabbed Doe's shirt. Anaya then started asking Doe, "where the fuck are the keys?" multiple times.

---

[1] (*People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

Eventually, a recycling center employee came out with a wooden bat and approached Doe and Anaya. The employee opened one of the car doors and told Anaya to get out. Anaya said, "All right. All right. I'll get out," and he did.

A jury convicted Anaya of attempted carjacking. (Pen. Code, §§ 664/215, subd. (a), unlabeled statutory citations refer to this code.) It also found true allegations he had a prior strike (§§ 667, subds. (a)(1) & (b)-(i), 1170.12, subd. (a)-(d)) and was released on his own recognizance in another case when he committed the offense (the "OR enhancement"). (§ 12022.1, subd. (b).)

The judge sentenced Anaya to an aggregate term of 16 years, composed of the four-and-a-half-year upper term for the attempted carjacking, doubled due to the prior strike, plus two years for the OR enhancement, plus five years for the prior serious felony conviction. It also sentenced him to two years in the "trailing vehicle taking case" to run concurrently. On December 21, 2020, Anaya appealed.

## II. ANALYSIS

Anaya argues the trial judge abused his discretion when he imposed the upper term. In particular, Anaya argues the trial judge double-counted certain factors in aggravation and otherwise misweighed other factors.[2]

---

[2] In addition to arguing Anaya's appeal fails on the merits, the People also argue Anaya forfeited his right to challenge his sentence. Because we agree that Anaya's appeal fails on the merits, we don't address the People's forfeiture arguments.

"A trial court's decision to impose a particular sentence is reviewed for abuse of discretion and will not be disturbed on appeal 'unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 860-861.) "[A] trial court will abuse its discretion . . . if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision." (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "Even if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' " (*People v. Jones*, at p. 861.)

When stating its reasons for imposing a certain sentence, a court may identify aggravating circumstances it feels warrant imposing that sentence. (Cal. Rules of Court, rule 4.420(b).) "[T]he California Rules of Court [don't] attempt to provide an inclusive list of aggravating circumstances. Thus, a trial court is free to base an upper term sentence upon any aggravating circumstance that (1) the court deems significant and (2) is reasonably related to the decision being made." (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196 (*Moberly*).) "Only one aggravating factor need be cited to support imposition of an upper term." (*People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1374.)

Here, the judge thoroughly explained the competing mitigating and aggravating factors that led to his decision to impose the upper term. The judge noted at least six aggravating factors: (1) Anaya had two recent felony convictions (Cal. Rules of Court, rule 4.421(c)), (2) he committed this crime while released on his own recognizance (Cal. Rules of Court, rule 4.421(b)(4)), (3) his inappropriate, violent response to Doe's perceived disrespect (Cal. Rules of Court, rule 4.421(c)), (4) that the "carjacking is similar theft related conduct," to Anaya's prior conviction from earlier in the year (Cal. Rules of Court, rule 4.421(c)), (5) Doe was "particularly vulnerable" (Cal. Rules of Court, rule 4.421(a)(3)) and (6) Doe wasn't doing anything to Anaya before Anaya attempted to take his car (Cal. Rules of Court, rule 4.421(c)).

The judge also identified certain mitigating factors, including that Anaya is young, showed remorse, apologized to Doe, was homeless at the time, and "had unfortunately fallen into a lifestyle of drug use." However, the judge determined "the aggravating factors far outweigh the mitigating factors."

Anaya takes issue with certain of the identified aggravating factors. First, Anaya argues that because the court separately punished him in the "trailing vehicle taking case" and for the OR enhancement, it could not rely on the existence of that case or the fact he was released on his own recognizance as aggravating factors. (See § 1170, subd. (b) ["the court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law"].) Next, Anaya argues John Doe was not "particularly vulnerable" under the meaning of California Rules of Court,

5

rule 4.421(a)(3). Finally, Anaya argues the probation report improperly listed that the crime involved an attempted taking of great monetary value as an aggravating factor, which was inappropriate since carjacking necessarily involves a taking of great value and "[a] fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term." (Cal. Rules of Court, rule 4.420(d).)

Anaya is correct the court erred insofar as it relied on the fact Anaya was released on his own recognizance to both impose punishment for an enhancement and as an aggravating factor justifying an upper term.

However, even accepting this error there are still several aggravating factors which Anaya doesn't dispute, any one of which is sufficient to impose an upper term. For instance, Anaya makes no legal argument for why the court could not consider as an aggravating factor that "the victim in this case . . . wasn't doing anything to Mr. Anaya, when he was victimized." Instead, Anaya argues this fact should not have been considered because victims rarely do anything before being victimized. But as noted above, "a trial court is free to base an upper term sentence upon any aggravating circumstance that (1) the court deems significant and (2) is reasonably related to the decision being made." (*Moberly*, *supra*, 176 Cal.App.4th at p. 1196.) Just because an aggravating factor is common to many crimes doesn't make it not an aggravating factor. It was well within the court's discretion to conclude the fact Doe was minding his own business in his own car when Anaya assaulted him and attempted to steal his car were significant facts justifying the upper term. Similarly, Anaya doesn't attempt to argue his

inappropriate and violent reaction to perceived disrespect can't or shouldn't qualify as an aggravating factor.

Either of these factors alone was sufficient to support the trial court's decision to impose the upper term. In addition, Anaya's arguments regarding other factors don't hold up to scrutiny. First, Anaya's argument that section 1170, subdivision (b), prohibits the court from using the fact of his previous conviction to both punish him for that conviction and impose an upper term is not supported by the text of that statute. Section 1170, subdivision (b), only prohibits imposing an upper term "by using the fact of any enhancement upon which sentence is imposed." But the conviction in the "trailing vehicle taking case" was not an enhancement—it was an entirely separate conviction. The court could reasonably consider that his prior convictions, one of which was similar in kind to the present conviction, indicated a pattern of recidivism justifying an upper term. And even assuming Anaya is right that the probation report shouldn't have included a "great taking" as an aggravating factor, the court didn't actually rely on that factor in imposing the upper term, so the point is moot.

Finally, we needn't address Anaya's argument that Doe wasn't particularly vulnerable as there were a number of other factors articulated to support the aggravated term.

On these facts we find no error in the decision to impose the upper term.

7

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH
                                                                    J.

We concur:

McKINSTER
        Acting P. J.

MENETREZ
              J.

8