Filed 3/26/24  P. v. Dowell-Rollins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C098295 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22CF05768, 23CF00736) |
| v. | |
| PATRICK LEE DOWELL-ROLLINS, | |
| Defendant and Appellant. | |

Defendant Patrick Lee Dowell-Rollins pled no contest to one count of assault with a semiautomatic firearm, one count of possession of a firearm by a felon, and one count of attempting to dissuade a witness.  Defendant was sentenced, in relevant part, to the upper term of nine years for assault with a semiautomatic rifle.

1

Defendant raises two arguments on appeal: (1) Penal Code[1] section 1170, subdivision (b)(6) prohibits the imposition of the upper term even when the lower term presumption is defeated; and (2) even if imposition of the upper term is allowed, the trial court abused its discretion here by relying on the same aggravating circumstances to defeat the lower term presumption and justify imposition of the upper term, i.e., the trial court engaged in an improper dual use of facts. The People argue defendant forfeited both arguments. In the alternative, the People contend both arguments are without merit. We agree with the People on the merits and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

To resolve two cases, defendant pled no contest to one count of assault with a semiautomatic rifle, one count of possession of a firearm by a felon, and one count of dissuading a witness. In exchange for the no contest plea, the prosecution dismissed one count of possession of a firearm by a felon and two allegations attached to the assault—that defendant inflicted great bodily injury and personally used a firearm during the commission of the offense. Defendant further entered a *Harvey*[2] waiver.

On defendant's plea form, he waived his statutory right to a jury trial or court trial on the aggravating circumstances and stipulated the sentencing judge could find aggravating and mitigating circumstances as they appeared in defendant's police and probation reports.

During sentencing, the trial court recognized defendant "experienced psychological, physical, or childhood trauma, including but not limited to abuse, neglect, exploitation, or sexual violence." The trial court also took "into account . . . defendant may have had a mental health diagnosis." The trial court then recognized the

---

[1]     Further undesignated section references are to the Penal Code.

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

presumption of the lower term pursuant to section 1170, subdivision (b)(6) but found "an imposition of the lower term would not be in the interests of justice because the aggravating [circumstances] outweigh the mitigating [circumstances] in terms of their significance."

The trial court recognized as a mitigating circumstance that defendant "may have been suffering from a mental or physical condition that may have reduced culpability toward his crime." The court then sentenced defendant to the upper term for the assault based on six aggravating circumstances: (1) "[D]efendant's prior convictions as an adult are numerous or of increasing seriousness and nature;" (2) "defendant has served prior prison terms;" (3) "defendant was on [postrelease community supervision];" (4) "this crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness;" (5) "the manner in which this crime was committed indicat[ed] planning, sophistication, or professionalism;" and "lastly, . . . [(6)] defendant engaged in conduct that indicates a serious danger to society."

Defendant appeals.

DISCUSSION

I

*Section 1170, Subdivision (b)(6) Does Not*

*Prohibit The Imposition Of An Upper-term Sentence*

Defendant argues the imposition of an upper-term sentence when the lower term presumption applies runs afoul of section 1170, subdivision (b)(6), even if the presumption is defeated and the requirements in subdivision (b)(2) are met. The People contend defendant forfeited his statutory argument by failing to raise it at the sentencing hearing, and, in the alternative, the argument lacks merit.

We disagree with the People that defendant forfeited his statutory argument. Issues of statutory interpretation, given they are pure legal questions, compose a narrow

3

category of nonforfeitable error.  (See *People v. Achane* (2023) 92 Cal.App.5th 1037, 1043.)  " 'The appellate court may intervene in the first instance because these errors "present[] 'pure questions of law' [citation], and [are] ' "clear and correctable" independent of any factual issues presented by the record at sentencing' " and without "remanding for further findings." ' " (*Ibid.*)

As to the merits, we disagree with defendant.  "To resolve whether defendant's interpretation of the . . . statute[] is correct, we are guided by familiar canons of statutory construction.  '[I]n construing a statute, a court [must] ascertain the intent of the Legislature so as to effectuate the purpose of the law.'  [Citation.]  In determining that intent, we first examine the words of the respective statutes:  'If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs."  [Citation.]  "Where the statute is clear, courts will not 'interpret away clear language in favor of an ambiguity that does not exist.'  [Citation.]" '  [Citation.]  If, however, the terms of a statute provide no definitive answer, then courts may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.  [Citation.]  'We must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.' " (*People v. Coronado* (1995) 12 Cal.4th 145, 151.)

Section 1170, subdivision (b)(1) provides that when a statute contains three possible terms, the middle term is the maximum unless the requirements in subdivision (b)(2) are met.  Section 1170, subdivision (b)(2) provides an exception to the middle term maximum when there are aggravating circumstances the defendant has stipulated to or that "have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

4

Section 1170, subdivision (b)(6) provides an alternative presumptive maximum to subdivision (b)(1) if certain conditions are met, although the trial court can overcome the presumption. Under subdivision (b)(6), the lower term is the maximum "[n]otwithstanding [subdivision (b)](1)" if the trial court finds that "psychological, physical, or childhood trauma," "youth," or "intimate partner violence or human trafficking" were "contributing factor[s] in the commission of the offense." To overcome the lower term presumption, a court need find only "that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).)

Notably, the only positive command in section 1170, subdivision (b)(6) is to impose the lower term unless the lower term would be contrary to the interests of justice. Nowhere does subdivision (b)(6) reference the middle term as the maximum sentence when the presumption is defeated and the requirements in subdivision (b)(2) have been met.

Defendant makes only one argument connected to the text of section 1170, subdivision (b)(6). Specifically, he reads the statute to imply the middle term as the maximum sentence because the initial phrase of subdivision (b)(6) indicates it is operative "[n]otwithstanding [subdivision (b)](1)" and subdivision (b)(1)'s presumption that a defendant's sentence not exceed the middle term. To defendant, this means when a court finds a lower-term sentence is contrary to the interest of justice, the court must look to subdivision (b)(1), which requires imposition of the middle term sentence. Defendant argues if the Legislature sought to apply subdivision (b)(2)'s exception to the maximum middle term when a defendant falls under subdivision (b)(6), it would have stated that subdivision (b)(6) is operative " '[n]otwithstanding [subdivisions] (b)(1)' and (b)(2)." (Italics omitted.)

Defendant's argument is without merit because section 1170, subdivision (b)(1) incorporates subdivision (b)(2) by reference. As subdivision (b)(1) states, "When a

5

judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, *except as otherwise provided in* [*subdivision (b)*]*(2)*." (Italics added.) Consequently, any reference to subdivision (b)(1) is also a reference to subdivision (b)(2).

Defendant next argues, "Sidestepping the middle term and instead imposing an upper term sentence upon defendants who qualify for the lower term presumption runs contrary to the spirit of rehabilitation and trauma-informed sentencing. [¶] . . . By imposing the upper term, the trial court placed [defendant] in the position of a defendant who never presumptively qualified for the lower term . . . , in effect treating his trauma and the letter and spirit of section 1170, subdivision (b), as no longer impactful to its sentencing issue."

To the contrary, there are two steps involved when going from the presumptive lower term in section 1170, subdivision (b)(6) to an upper-term sentence. One of the two steps is applicable only to defendants who qualify for the lower term under subdivision (b)(6), thus providing those defendants with an impactful added layer of protection when compared to other defendants sentenced under 1170, subdivision (b). Indeed, to get from the presumptive lower term—a presumption bestowed only upon subdivision (b)(6) qualifiers—to the middle term, a trial court must find that the lower term would be contrary to the interests of justice based on a balancing of the aggravating and mitigating circumstances. (§ 1170, subd. (b)(6).) To then get from the middle term to the upper term, a defendant must stipulate to aggravating circumstances or a fact finder (either a jury or court in a court trial) must find true the aggravating circumstances beyond a reasonable doubt. (§ 1170, subd. (b)(2).) In this way, the Legislature provided a means to recognize the trauma that qualified defendants experienced and bestow upon them a presumption unavailable to other defendants.

6

We acknowledge the Legislature embodied, as defendant put it, "the spirit of rehabilitation and trauma-informed sentencing," but it did so in a manner that offers less protection than other areas of section 1170, subdivision (b). Subdivision (b)(2), for example, allows for the imposition of the upper term only if aggravating circumstances have been found beyond a reasonable doubt by a jury or bench trial, or if the defendant stipulated to aggravating circumstances. That same protection does not exist in subdivision (b)(6) to defeat the lower term presumption. Nor do defendants need to demonstrate beyond a reasonable doubt that they are entitled to the presumptive lower term. In the end, the Legislature struck a balance and sought fit to enact trauma-informed sentencing with the sentencing judge's determination of whether "the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); see also *People v. Hilburn* (2023) 93 Cal.App.5th 189, 204 [holding the trial right and beyond a reasonable doubt standard in § 1170, subd. (b)(2) does not apply to subd. (b)(6)], review denied Sept. 20, 2023, S281378; *People v. Bautista-Castanon* (2023) 89 Cal.App.5th 922, 929 [same].) To the extent the legislative policy conflicts with the text of the statute, that is a matter for the Legislature. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 243, fn. 3.)

Our position finds support in *Bautista-Castanon*, wherein the First District Court of Appeal implicitly recognized the availability of the upper term when the lower term presumption is defeated. (*People v. Bautista-Castanon*, *supra*, 89 Cal.App.5th at p. 928 ["If this 'interest of justice' exception to the lower term applies (and if the prerequisites for imposing an upper term set forth in [§ 1170,] subd. (b)(1)-(3) have not been met), then the court may impose the middle term"].) Defendant urges us to reject *Bautista-Castanon*'s implicit recognition as dicta, noting the issue in *Bautista-Castanon* was whether the "true beyond a reasonable doubt" standard in section 1170, subdivision (b)(2) applies to subdivision (b)(6). (*Bautista-Castanon*, at p. 929.) Nonetheless, we

7

agree with the First District's implicit resolution of the present issue for the reasons laid out above.

Defendant lastly relies on *Hilburn*, contending the court implicitly recognized the middle term as the maximum sentence once the lower term presumption applies. (*People v. Hilburn*, *supra*, 93 Cal.App.5th at pp. 202-205.) Defendant quotes the following passage for support: "To summarize, under section 1170, subdivision (b)(6), the [trial] court is tasked with assessing mitigating and aggravating [circumstances] to impose the middle term only if it first determines that the defendant qualifies for treatment under the provision." (*Id*. at p. 205.)

The quoted passage, however, does not imply the middle term is the maximum term when the lower term presumption applies. Instead, the *Hilburn* court described that a trial court considers aggravating circumstances only after it finds that the lower presumption applies; there is no mention of what the maximum sentence is after the trial court defeats the lower term presumption and further satisfies the requirements of section 1170, subdivision (b)(2). (*People v. Hilburn*, *supra*, 93 Cal.App.5th at p. 205.) Indeed, the facts in *Hilburn* did not implicate the possibility of an upper-term sentence because the dispute centered entirely on whether the trial court properly imposed the middle term without a fact finder finding true aggravating circumstances beyond a reasonable doubt and without a stipulation. (*Id*. at p. 202.) The *Hilburn* court did not address, even implicitly, the issue in the present case. (See *ibid*.) We therefore disagree that *Hilburn* provides support for defendant's position.

In sum, we hold a trial court may impose the upper term when the lower term presumption in section 1170, subdivision (b)(6) applies but is then defeated and the subdivision (b)(2) requirements are met. There is nothing in section 1170 or in case law to require the opposite.

## II

*A Trial Court May Rely On The Same Aggravating Circumstances To*

*Defeat The Lower Term Presumption And Impose An Upper-term Sentence*

Alternatively, defendant argues it was an abuse of discretion for the trial court to rely on the same aggravating circumstances to defeat the lower term presumption and impose the upper term. The People again argue defendant forfeited this argument by failing to raise it at the sentencing hearing.

We decline to decide whether defendant forfeited this claim and instead exercise our discretion to adjudicate its merits in light of defendant's ineffective assistance of counsel claim. (See *People v. Marlow* (2004) 34 Cal.4th 131, 150 [even where an issue has been forfeited, if defendant "asserts his counsel thereby rendered ineffective assistance . . . we turn to the merits of the claim"].) As to the merits, we disagree with defendant.

Our Supreme Court has observed three situations in which the dual use of facts is prohibited. (*People v. Scott* (1994) 9 Cal.4th 331.) "The first circumstance in which dual use is proscribed is set out in section 1170, subdivision (b)[(5)]: '[T]he court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed . . . .' California Rules of Court, rule 4.420(c) states the principal rule as follows: 'To comply with section 1170[, subdivision ](b), a fact charged and found as an enhancement may be used as a reason for imposing the upper term only if the court has discretion to strike the punishment for the enhancement and does so.' (See *Scott*, . . . at p. 350.) . . .

"A second circumstance in which dual use is prohibited also is addressed in California Rules of Court, rule 4.420(d): 'A fact that is an element of the crime upon which punishment is being imposed may not be used to impose a greater term.' *Scott* states the rule as follows: A [trial] court may not 'use a fact constituting an element of

9

the offense either to aggravate or to enhance a sentence.' ([*People v. *]*Scott*, *supra*, 9 Cal.4th at p. 350.) . . .

"*Scott* states a third circumstance in which dual use is proscribed and also notes the limited reach of the proscription: '[T]he court cannot rely on the same fact to impose both the upper term and a consecutive sentence. [Citations.] However, one relevant and sustainable fact may explain a series of consecutive sentences. [Citations.]' ([*People v. *]*Scott*, *supra*, 9 Cal.4th at p. 350, fn. 12.)" (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1197-1198.)

Defendant does not argue any of the prohibitions in *Scott* apply to the present case; instead, he argues we should expand the already existing prohibitions such that the same reasons cannot defeat the lower term presumption and also justify an upper-term sentence. The text of section 1170, subdivision (b), as well as its legislative history, give us reasons not to.

We begin with the text. When the Legislature " 'includes particular language in one section of a statute but omits it in another section of the same [a]ct, it is generally presumed that [the Legislature] acts intentionally and purposefully in the disparate inclusion or exclusion.' " (*Russello v. United States* (1983) 464 U.S. 16, 23; see also *Olson v. Automobile Club of Southern California* (2008) 42 Cal.4th 1142, 1148 [exclusion of a recovery of expert fees from the statute was notable where numerous statutes expressly included such fees].)

Here, the Legislature included a narrow prohibition against the dual use of facts in section 1170, subdivision (b)(5): "The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." The absence of a similar prohibition against the dual use of facts akin to what defendant advances demonstrates the Legislature did not intend for such a prohibition. The Legislature knew how to prohibit the dual use of facts in particular contexts when it

10

meant to. (See *Russello v. United States*, *supra*, 464 U.S. at p. 23; *Olson v. Automobile Club of Southern California*, *supra*, 42 Cal.4th at p. 1148.)

We next address the legislative history. When section 1170, subdivision (b) was initially added to the Penal Code in 1976, it had the following proviso: "In no case shall the court impose an upper term upon a finding of any fact used to enhance the sentence under [various sections]. *In no event shall any fact be used twice to determine, aggravate, or enhance a sentence*." (Stats. 1976, ch. 1139, § 273, p. 5140-5141, italics added.) The following year, the Legislature removed the latter half of that proviso, to read: "The court may not impose an upper term by using the same fact used to enhance the sentence under [various sections]." (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15, p. 648.)

Evidently, the Legislature knew how to broadly prohibit the dual use of facts and, in fact, initially did so. The Legislature's decision to remove the broad prohibition indicates the Legislature intended to allow for the double use of facts to aggravate a sentence subject to the narrow prohibition remaining in the statute. (See *People v. Moberly*, *supra*, 176 Cal.App.4th at p. 1198 [trial courts may, for instance, use the same aggravating fact to impose upper-term sentences on multiple counts or "on a single offense and on its accompanying, consecutive enhancement"].)

Accordingly, we conclude a trial court can use the same aggravating circumstances to defeat the lower term presumption and to impose an upper term, subject to satisfying the requirements of section 1170, subdivision (b)(2).

11

DISPOSITION

The judgment is affirmed.

/s/_____

ROBIE, Acting P. J.

We concur:

/s/_____

DUARTE, J.

/s/_____

ASHWORTH, J.*

---

\*      Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.