Filed 12/13/23  P. v. Ramos CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GILBERTO RAMOS,<br><br>Defendant and Appellant. | F084613<br><br>(Super. Ct. No. 20CMS1092A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kings County.  Kathy Ciuffini, Judge.

J. M. Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jesica Y. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

In 2022, a jury convicted appellant Gilberto Ramos of possessing a controlled substance in a state prison (Pen. Code, § 4573.6, subd. (a)).[1] He received an aggravated prison term of four years, which was doubled from a prior strike.

Appellant challenges various aspects of his sentence, including the imposition of restitution fines imposed against him. We reject his arguments and affirm.

## BACKGROUND

When the present crime occurred, appellant was a prison inmate serving a sentence of 21 years four months. His prior convictions occurred in 2018.[2]

While a prison inmate in March 2020, appellant possessed approximately 13.185 grams of marijuana. The drugs were discovered inside a bindle wrapped in black electrical tape. A correctional officer informed the jury that marijuana is considered very valuable in the prison setting.[3] The jury was told that, based on the amount of marijuana recovered, appellant likely possessed it to distribute it to others.

Appellant obtained possession of this contraband with the help of two other individuals. Based on testimony from correctional officers and video recordings, the prosecution established the following at trial. During visiting hours at the prison, a female visitor passed the bindle of marijuana to another inmate. Appellant was present in the same visiting room at that time. While standing in line for the restroom, that inmate passed the bindle to appellant, who placed it into his rectum.

---

[1]    All future statutory references are to the Penal Code unless otherwise noted.

[2]    In 2018, appellant was convicted of (1) attempted second degree robbery (§§ 664/211) while discharging a firearm (§ 12022.53, subd. (c)) and (2) participating in a criminal street gang (§ 186.22, subd. (a)). Appellant was arrested for these crimes in 2013, when he was approximately 16 years old.

[3]    The court instructed the jurors that possession of marijuana is not legal inside a prison.

2.

Appellant was detained a short time later.  A correctional officer searched appellant, but the bindle was not initially discovered.  An electronic scan of appellant's body was performed, which was inconclusive and did not positively detect contraband.  Appellant was placed on a contraband surveillance watch.  A short time later, appellant had a bowel movement, which produced the bindle of marijuana wrapped in electrical tape.

Appellant testified in this matter, and he told the jury that he did not know the other two individuals involved in this crime.  He denied that he was handed anything by the other inmate, and he denied trying to bring drugs into the prison.  He told the jury that he voluntarily had a bowel movement for a correctional officer because he knew he did not have anything on him.  He claimed he was not informed until about a week later that drugs had been found on him.

## DISCUSSION

**I.      Appellant has Forfeited his Claim of Sentencing Error Regarding his Age; the Court did not Abuse its Discretion and any Presumed Error is Harmless.**

By statute, a sentencing court is directed to impose the middle term of imprisonment unless certain exceptions exist.  (§ 1170, subd. (b)(1).)  The court may impose a sentence exceeding the middle term only if aggravating circumstances are present, which have either been found true by the trier of fact or stipulated to by the defendant.  (*Id.*, subd. (b)(2).)  Under this statute, a court is further directed to impose the lower term if the defendant's "youth" was a contributing factor in the commission of the offense.  For purposes of this statute, "youth" is defined as someone under 26 years of age.  (*Id.*, subd. (b)(6)(B); § 1016.7, subd. (b).)  In such a situation, the court must order imposition of the lower term unless it finds that the aggravating circumstances outweigh the mitigating circumstances so that imposition of the lower term would be contrary to the interests of justice.  (§ 1170, subd. (b)(6).)

3.

Appellant was approximately 22 years old when he committed the present offense in March 2020. He was 25 years old at the time of the sentencing in this matter.

At sentencing, the prosecutor asked the court to impose an upper term. In contrast, appellant's trial counsel requested a mitigated term of imprisonment based on the totality of the circumstances. However, defense counsel never raised section 1170, subdivision (b)(6)(B), and he never argued that appellant's age required the imposition of a lower term.

When imposing sentence, the court concluded that appellant's criminal conduct had shown sophisticated planning and coordination, which the court believed was a strong factor in aggravation. The court noted that appellant was 25 years old, which the court described as "young." According to the court, appellant's crimes were increasing as he got older. The court stated it could not find any mitigating factors regarding appellant's conduct, and appellant showed no remorse. The court imposed an aggravated term of four years, which was doubled because of appellant's prior strike. This sentence was imposed consecutively to appellant's already existing prison sentence.

In the present claim, appellant asserts that the trial court erred in imposing the aggravated sentence without considering his age as a mitigating factor. He seeks a remand for resentencing.

We reject appellant's position and agree with respondent that this claim is forfeited. In any event, we also hold that the court did not abuse its discretion, and any presumed error is harmless.

### A.    Appellant has forfeited this claim.

In general, the forfeiture doctrine applies in the context of sentencing. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856.) Alleged sentencing errors involving a court's discretionary sentencing choices are essentially factual in nature, and distinct from clear legal errors which can be remedied on appeal independent of any factual issues presented

4.

by the sentencing record. (*Id.* at pp. 856–857.) Forfeiture may occur when a defendant fails to raise an alleged deficiency in how the trial court articulated a discretionary sentencing choice. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Although a sentencing judge is required to impose sentence in a lawful manner, "counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Ibid.*)

Here, appellant's trial counsel did not ask the court to consider appellant's age as a possible factor in mitigation, and defense counsel did not raise any concern below when the court announced it did not see any factors in mitigation. Accordingly, to the extent the present claim is based on a defective sentencing record, those arguments are forfeited. Because appellant failed to raise these concerns below when they could have been readily clarified, we decline to review those issues. (See *People v. Scott*, *supra*, 9 Cal.4th at p. 353.)

## B. The court did not abuse its discretion.

Appellant argues that his youth must have been a contributing factor in this crime. He contends that he has been in the penal system since he was 16 years old, and he notes that his conduct in this matter showed his immaturity and "stupidity." He asserts that he must be susceptible to peer pressure because he committed this offense with others. Thus, he maintains that a nexus exists between his youth and the commission of this crime which triggered the trial court's obligation to apply section 1170, subdivision (b)(6)(B). Appellant claims that the court misunderstood the scope of its sentencing discretion. He insists that this record necessitates a remand because, at the very least, it is ambiguous whether the trial court was aware of its statutory obligations. We disagree.

Section 1170 does not mandate a presumption in favor of the lower term in every case in which the defendant was younger than 26 years when the crime was committed.

(*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 991.) Instead, in order to trigger this presumption, there must be an initial showing that the defendant's youth was a contributing factor. If that initial showing is made, the record must then affirmatively show compliance with the statute. (*Id.* at pp. 991–992.)

In the present matter, the court stated it could not find any factors in mitigation. However, the court made that comment in reference to appellant's criminal conduct and his lack of remorse. Nothing in this record affirmatively demonstrated or even reasonably suggested that appellant's age played a factor in his decision to smuggle marijuana into prison. Although appellant can speculate regarding possible peer pressure, no such evidence was introduced. In short, there was no initial showing that appellant's youth was a contributing factor in the commission of this offense. As such, the presumption of a low term was not triggered. (See *People v. Fredrickson*, *supra*, 90 Cal.App.5th at pp. 991–992.) Thus, we reject appellant's contention that the trial court was required to consider his age as a factor in mitigation.

Section 1170, subdivision (b)(6)(B), became effective on January 1, 2022, a little over six months before appellant was sentenced in this matter. The court identified two factors in aggravation: (1) appellant's crime showed sophistication and planning; and (2) appellant was serving a prior prison term when this crime was committed.[4] The court stated that it believed the most significant factor in aggravation was the planning needed to bring these drugs into the prison.

Appellant concedes that substantial evidence supports the finding of a factor in aggravation against him. We presume the sentencing judge knew and applied the law correctly. (*People v. Braxton* (2004) 34 Cal.4th 798, 814; *People v. Galvez* (2011) 195 Cal.App.4th 1253, 1264.) We also presume that the court properly exercised its sentencing discretion. (*People v. Weddington* (2016) 246 Cal.App.4th 468, 492.) We

---

[4] The jury found both of these factors in aggravation true.

will not infer a sentencing error if the record does not show one. (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

Nothing in this record affirmatively rebuts the presumptions that the trial court knew and applied the law correctly. Nothing reasonably establishes that the court did not understand the scope of its sentencing discretion. Based on this record, we cannot state that the court's sentencing decision was exercised in an arbitrary, capricious or patently absurd manner. The court's ruling does not fall outside the bounds of reason under applicable law and relevant facts. Thus, an abuse of discretion is not present, and we will not reverse the court's sentence. (See *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124–1125; *People v. Williams* (1998) 17 Cal.4th 148, 162.)

### C.     Any presumed error is harmless.

Even if this claim is not forfeited and we presume error occurred, reversal is not required due to a lack of prejudice. It is not reasonably probable appellant would have obtained a better result had the trial court applied section 1170, subdivision (b)(6) in this matter. (See *People v. Watson* (1956) 46 Cal.2d 818, 836.)

The trial court imposed a lawful sentence. In doing so, it rejected defense counsel's request for the mitigated term. The court found that appellant had acted in a very sophisticated manner. His criminal conduct involved considerable planning and coordination with another inmate and a third party in an attempt to smuggle marijuana into the prison. The court believed this factor in aggravation was the most significant. The court also noted that appellant was serving a prison term when this crime was committed, and there was no indication that appellant was remorseful. The court noted appellant's age when imposing the aggravated sentence, but concluded that an upper term was appropriate.

Based on this record, it is overwhelmingly apparent that the court would have imposed the same aggravated sentence even if it had expressly considered appellant's

youth and section 1170, subdivision (b)(6)(B).  The court focused on the sophisticated planning necessary to commit this crime.  Nothing demonstrates that appellant's youth was a contributing factor in his decision to smuggle marijuana into the prison.  Accordingly, any presumed sentencing error is harmless and this claim fails.[5]

## II.     Appellant's Aggravated Sentence is not Invalid Because of his Current Prison Term and any Presumed Sentencing Error is Harmless.

On January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) became effective. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341.)  This amended section 667.5, subdivision (b).  Under the amended law, a one-year prior prison term enhancement may now only be imposed for prior convictions involving certain sexually violent offenses. (*People v. Lopez*, *supra*, at pp. 340–341.)

Based on this change in law, appellant raises two distinct but related claims.  First, he contends that the trial court imposed an invalid aggravated sentence based on his prior convictions.  According to appellant, because he was not previously convicted of a sexually violent offense, the court improperly enhanced his sentence.  Second, he argues that, because he was serving his prison term when this present crime occurred, insufficient evidence supports this factor as a circumstance in aggravation because he does not have a *prior* prison term.

To support his claim of sentencing error, appellant points to California Rules of Court, rule 4.421(b)(3).[6]  This rule states that a circumstance in aggravation exists if a defendant has served a prior prison term under section 1170, subdivision (h).  Rule 4.421(b)(3) is more expansive than the current version of section 667.5, subdivision (b).

---

[5]     Because this claim fails even if we presume error occurred, we do not address appellant's alternative claim of ineffective assistance of counsel.

[6]     All future references to rules are to the California Rules of Court unless otherwise noted.

8.

Rule 4.421(b)(3) permits a trial court to impose an aggravated sentence based on prior prison terms that are not just limited to sexually violent offenses.**7**

According to appellant, the amendments brought by Senate Bill No. 136 have invalidated rule 4.421(b)(3). He asserts that a court may no longer find a factor in aggravation under rule 4.421(b)(3) unless the prior prison term was for a sexually violent offense in conformity with section 667.5, subdivision (b). Thus, he maintains that the court was prohibited from using his prior prison term, which was not based on a sexually violent offense, as a factor in aggravation. He seeks a remand for resentencing.

We reject appellant's arguments. The court did not rely on rule 4.421 so appellant's concerns are without merit. In any event, any presumed sentencing error is harmless.

### A.     The trial court did not rely on rule 4.421(b)(3).

Before appellant was convicted in this matter, the prosecutor had originally planned to ask the jury to make a finding that appellant had served a prior prison term. However, before deliberations started regarding the circumstances in aggravation, that issue was removed from consideration. The jury found true the following two factors in aggravation: (1) the manner in which the crime was carried out indicated planning or sophistication; and (2) appellant "was serving a prison term when he committed the crime."

When imposing the aggravated sentence in this matter, the court did not rely on rule 4.421 and it did not impose the upper term because appellant had completed a prior prison term. Instead, the court focused on the fact appellant's crime showed sophistication and planning. The court also commented that appellant was currently in prison. These two factors in aggravation were found true by the jury beyond a reasonable

---

**7**     Section 1170, subdivision (h), lists certain felonies that qualify as "serious" or "violent" under other sections of the Penal Code.

9.

doubt, and neither of these factors involved rule 4.421(b)(3). As such, we need not resolve appellant's assertion that Senate Bill No. 136 has invalidated rule 4.421(b)(3). Instead, that issue is not relevant in this matter.

We reject appellant's assertion that his aggravated sentence is invalid. His conviction for the present crime was not dependent on his status as a prisoner. Instead, possessing a controlled substance in a state prison did not require the prosecution to prove that appellant was currently a prisoner. This crime can be committed by anyone who possesses a controlled substance in a prison setting. (§ 4573.6, subd. (a); CALCRIM No. 2748.)

Appellant has two prior strike convictions. The court was free to base the upper term sentence upon any aggravating circumstance that (1) the court deemed significant and (2) was reasonably related to the decision being made. (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196.) The court was permitted to use as a circumstance in aggravation any factor which reasonably related to appellant or the circumstances of this crime. (See Rule 4.421(c).) Consequently, the court was permitted to consider appellant's status as a prisoner as a potential factor in aggravation. Therefore, appellant is incorrect that his upper term sentence is invalid as a matter of law.[8] In any event, we also conclude that any presumed error is harmless.

## B. Any presumed sentencing error is harmless.

Only a single valid aggravating factor is needed to justify imposition of an upper term. (*People v. Black* (2007) 41 Cal.4th 799, 815; *People v. Brown* (2000) 83 Cal.App.4th 1037, 1043.) Because only a single factor in aggravation is needed to support an upper term, we can declare that, even if we presume sentencing error occurred, resentencing is not required due to a lack of prejudice.

---

[8] Because this claim fails on its merits, we need not address respondent's assertion that appellant has forfeited this claim.

The court placed great emphasis on the fact appellant's crime needed extensive planning. The court was very concerned about the complex coordination needed to bring these drugs into the prison. The court found that this issue was the most significant factor in aggravation.

Appellant does not challenge the court's findings in this regard, or otherwise claim that this factor in aggravation is invalid. It is apparent that, even if we presume sentencing error occurred, prejudice is not shown because the court would have nevertheless imposed an upper term based on this single valid factor in aggravation. In light of the court's concerns and comments at sentencing, is not reasonably likely that appellant would have obtained a more favorable sentence even if the court had only considered this single factor. (See *People v. Watson*, *supra*, 46 Cal.2d at p. 836.) Therefore, this claim is without merit and resentencing is not required.

## III. The Trial Court did not Abuse its Discretion in Imposing Restitution Fines.

At sentencing, the trial court imposed certain fines and fees, including a restitution fine of $2,400 (§ 1202.4, subd. (b)(1)). The court also imposed the same amount for a corresponding parole revocation restitution fine (§ 1202.45, subd. (a)).

Appellant asserts that the court abused its discretion in imposing the restitution fines. He notes that, when the restitution fines from his prior criminal convictions are added to those imposed here, he owes approximately $7,089.58. He maintains that his crime did not bring him any financial gain and there were no victims. He argues he is indigent, he will be about 50 years old when he is released from prison, he has no employable skills, and he has only a limited ability to earn wages while in prison. He asserts he will never be able to repay these fines prior to his release date and he will be in debt to the state when released from prison, which will hinder his ability to become a productive member of society. He asks this court to strike the fines imposed in this matter and order the imposition of the statutory minimum of $300.

11.

We decline to strike the restitution fines imposed in this matter because this record does not demonstrate an abuse of discretion. The Legislature requires a restitution fine to be imposed in every case where a person is convicted of a crime unless the court finds "compelling and extraordinary reasons" that a fine should not be imposed. (§ 1202.4, subd. (b).) This statute further suggests that, when imposing a felony restitution fine, the court may multiply the minimum fine of $300 by the number of years the defendant is ordered to serve, which is further multiplied by the number of felony counts of which the defendant was convicted. (*Id.*, subd. (b)(2).)

Here, the trial court followed this suggested practice. The court imposed a restitution fine that was the product of the minimum fine multiplied by appellant's prison term of eight years. In so doing, the court commented that appellant was young, he was "able bodied," and he had the ability to earn wages in prison.

When setting a restitution fine in excess of the statutory minimum, a trial court is directed to consider "any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) A court is permitted to consider a defendant's future earning capacity. (*Ibid.*) The defendant bears the burden of demonstrating an inability to pay, and the court is not required to make express findings as to the factors bearing on the amount of the fine. (*Ibid.*)

Restitution fines are intended to be a criminal penalty. (*People v. Hanson* (2000) 23 Cal.4th 355, 362.) Appellant is physically able to work, and the court considered his situation. Although he might not earn enough wages while in prison to repay his restitution fines, nothing establishes "compelling and extraordinary reasons" why the court should have only imposed a minimum fine. (§ 1202.4, subd. (b).) We reject appellant's contrary arguments. The court's sentencing decision was not exercised in an

arbitrary, capricious or patently absurd manner. The court's ruling does not fall outside the bounds of reason under applicable law and relevant facts. Thus, an abuse of discretion is not present, and we will not reverse the court's discretionary ruling. (See *People v. Rodrigues*, *supra*, 8 Cal.4th at pp. 1124–1125; *People v. Williams*, *supra*, 17 Cal.4th at p. 162.)

## **DISPOSITION**

The judgment is affirmed.

LEVY, Acting P. J.

WE CONCUR:

POOCHIGIAN, J.

DE SANTOS, J.