Filed 4/3/24  P. v. Green CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>DARNELL LEO GREEN,<br><br>  Defendant and Appellant. | F085991<br><br>(Super. Ct. No. 145370)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

Laura P. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Clifford E. Zall, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Peña, Acting P. J., Meehan, J. and DeSantos, J.

In 1998, defendant Darnell Leo Green was convicted by a jury of nine felony offenses including robbery, burglary, active participation in a street gang, and unlawful possession of a firearm. The jury also found true various enhancements and that defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[1] In the same year, he was sentenced to 48 years in prison. Defendant's sentence was reduced several times. Most recently, on February 24, 2023, the trial court recalled defendant's sentence pursuant to section 1172.1 (former §§ 1170, subd. (d)(1), 1170.03) and resentenced him to a reduced term of 39 years. On appeal, defendant contends that (1) the trial court abused its discretion in resentencing defendant to 39 years rather than reducing his sentence to time served, and (2) the trial court erred in imposing an upper term sentence without proof of circumstances in aggravation as required by section 1170, subdivision (b)(2) and without determining that the aggravating circumstances justified imposition of a sentence exceeding the middle term. Alternatively, as to defendant's second contention, he argues that to the extent he forfeited this claim by failing to object below, his counsel was ineffective. The People disagree in all respects.

We ordered the parties to submit supplemental briefing regarding whether defendant's sentence was unauthorized because the trial court stayed rather than struck the gang and firearm enhancements. The parties agree that the sentence was unauthorized, that the sentence must be vacated, and that the matter must be remanded for resentencing. We vacate defendant's sentence and remand for resentencing.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

# PROCEDURAL SUMMARY[2]

On June 10, 1998, the Stanislaus County District Attorney filed a second amended information, charging defendant and two codefendants with two counts of attempted robbery (§§ 211, 212.5, 664; counts I & IV), three counts of robbery (§§ 211, 212.5; counts II, III, & V), burglary (§ 459; count VI), conspiracy to commit robbery (§§ 182, 211, 212.5; count VII), active participation in a street gang (§ 186.22, subd. (a); count VIII), and unlawful possession of a firearm.[3] As to counts I through IV and VI through VIII, the second amended information alleged that defendant personally used a firearm (§ 12022.5). As to count V, the second amended information alleged defendant was armed with a firearm (§ 12022.5, subd (a)). As to counts I through VII and X, the second amended information further alleged defendant committed the offense for the benefit of a street gang (§ 186.22, subd. (b)(1)). As to all counts alleged against defendant, the second amended information alleged that defendant had suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as a serious felony conviction (except as to count X). Finally, as to all counts alleged

---

[2] Both parties' references in their briefs to the clerk's transcript appear to refer to the clerk's transcript in defendant's *prior* appeal. The transcripts largely overlap, but some documents relevant to the procedural history of the case that are present in the clerk's transcript in defendant's prior appeal are not present in the clerk's transcript for this case. The parties also both cite to this court's prior opinion. (*People v. Green* (June 9, 2022; F083294) [nonpub. opn.] (*Green*).) We construe the parties' reference to the clerk's transcript for defendant's prior appeal as well as this court's prior opinion as a request for judicial notice of that record and opinion—the parties' reliance on the transcript and prior opinion makes clear that they each had reasonable opportunity to review that information. (Evid. Code, §§ 452, subd. (c), 455, subd. (a)). We grant judicial notice of the clerk's transcript and opinion in *Green*, F083294. (Evid. Code, §§ 452, subd. (d), 459, subds. (a)–(c).)

[3] Count IX was alleged only against a codefendant.

against defendant,[4] the second amended information alleged that defendant had suffered three prior prison terms (§ 667.5, former subd. (b)).

On October 5, 1998, the jury found defendant guilty on all nine counts and found true all enhancements.

On November 23, 1998, the trial court sentenced defendant to 48 years in prison as follows:  on count II, 18 years (the upper term of nine years doubled due to the prior strike conviction), plus a four-year firearm enhancement (§ 12022.5), plus a five-year prior serious felony conviction enhancement (§ 667, subd. (a)); on count I, two years (one-third of the middle term of three years, doubled due to the prior strike conviction) plus a 16-month firearm enhancement (§ 12022.5), consecutive to the sentence on count II; on both of counts III and IV, four years (one-third of the middle term of six years, doubled due to the prior strike conviction), plus a 16-month firearm enhancement (§ 12022.5), each consecutive to the terms imposed on the prior count; on count V, four years (one-third of the middle term of six years, doubled due to the prior strike conviction), plus a four-month firearm enhancement (§ 12022, subd. (a)), consecutive to the sentence on count IV; and on count VIII, 16 months (one-third the middle term of two years, doubled due to the prior strike conviction, plus a 16-month firearm enhancement (§ 12022.5), consecutive to the term on count V.  The court stayed the sentences on counts VI, VII, and X.

On May 24, 2002, the Department of Corrections and Rehabilitation (CDCR) sent the trial court a recommendation for sentence correction.  On October 9, 2002, the trial court reduced the base term on count IV from four years to two years, thereby reducing the aggregate term from 48 to 46 years.

---

**4** The second amended information identifies counts I through VIII and IX as the counts for which the enhancement allegation was made against defendant.  However, defendant was charged in counts I through VIII and X.

4.

On February 12, 2015, the CDCR sent the trial court a second letter requesting clarification on the sentence as modified October 9, 2002. On May 7, 2015, the court modified defendant's sentence as a result of the second CDCR letter by staying the four-month firearm enhancement on count V for a total aggregate term of 45 years eight months.

On February 18, 2021, the CDCR sent the trial court a third letter, recommending recall and resentencing pursuant to former section 1170, subdivision (d)(1) due to defendant's " 'exceptional conduct while incarcerated.' " On August 19, 2021, the trial court declined to exercise its discretion to recall defendant's sentence.

On June 9, 2022, this court vacated the trial court's order declining to exercise its discretion to recall defendant's sentence and resentence him in light of Assembly Bill No. 1540 (2021–2022 Reg. Sess.), which modified the law to entitle an inmate for whom the secretary of the CDCR filed a resentencing request to a hearing, reasoned decision, appointment of counsel, and a rebuttable presumption in favor of recall and resentencing. (*Green*, *supra*, F083294.)

On December 7, 2022, defendant filed a request for recall and resentencing, supported by the February 18, 2021 letter from the secretary of the CDCR recommending recall and resentencing; a CDCR cumulative case summary and evaluation report, summarizing the offenses of conviction, defendant's prior juvenile adjudications and adult convictions, parole history, prison rules compliance record, and record of prison programming completion and participation; letters from defendant apologizing to his victims, admitting fault, and acknowledging the challenges he may face upon release and setting out his plan of action (including relapse and parole violation prevention plans); and letters from defendant's support system.

On January 6, 2023, defendant filed a supplement, including a comprehensive risk assessment based on a September 21, 2022 interview of defendant conducted by CDCR's

forensic assessment division for the board of parole hearings; an addendum to defendant's relapse prevention plan; and defendant's career action plan.

On February 24, 2023, the trial court recalled defendant's sentenced and resentenced him to an aggregate term of 39 years as follows: on count II, 18 years (the upper term of nine years, doubled due to the prior strike conviction), plus a four-year firearm enhancement (§ 12022.5), plus a five-year prior serious felony conviction enhancement (§ 667, subd. (a)); on counts I, III, IV, two years (one-third of the middle term of three years, doubled due to the prior strike conviction), each consecutive to the term on the prior count; on count V, four years (one-third of the middle term of six years, doubled due to the prior strike conviction), consecutive to the term on count IV; and on count 8, 16 months (one-third the middle term of two years, doubled due to the prior strike conviction), plus a 16-month firearm enhancement (§ 12022.5), all stayed.[5]  As to counts I, III, IV, and V, the trial court imposed and stayed firearm enhancements (§ 12022.5) and gang enhancements (§ 186.22, subd. (a)(1)), but not the underlying counts.  The terms on all other counts and enhancements were stayed in their entirety pursuant to section 654.

On March 21, 2023, defendant filed a notice of appeal.

## DISCUSSION[6]

### I.  The Trial Court Did Not Abuse Its Discretion In Refusing To Further Reduce Defendant's Sentence To Time Served

Defendant argues the trial court erred in failing to reduce defendant's sentence to time served (or by more than seven years).  Specifically, he argues that the trial court put undue weight on "its belief 'that any further reduction in the defendant's sentence …

---

[5]  The trial court did not explain whether the term on count VIII was stayed pursuant to section 654 or on some other basis.

[6]  Because defendant challenges only sentencing issues and because the record before us does not contain a transcript of the trial testimony, we omit a factual summary.

would pose an unreasonable risk to danger of public safety due to the defendant's significant criminal history, the heinous nature of the offense, [and] the defendant's prior poor performance when he was out of custody.' " Those considerations, defendant argues, "all refer to a time when [he] was in his 20s or younger, a high school dropout, involved in the gang life, … well before he matured and realized the advantages of participating in the programming opportunities offered by CDCR," and still suffered from substance abuse issues. Now, more than 26 years later, and with the secretary of the CDCR's recommendation for recall of his sentence, defendant argues that the trial court's refusal to grant his immediate release was an abuse of discretion. The People respond that the trial court explicitly considered defendant's entire file and was within its discretion to sentence defendant to 39 years. We agree with the People.[7]

## A. Additional Background

On February 24, 2023, the trial court heard argument from the parties, outlined defendant's crimes of conviction and the procedural history of the case, recalled defendant's sentence, and resentenced him to 39 years in custody. The trial court indicated that it "considered the entire file: all of the pleadings, the factors of the offense, … [and] defendant's conduct while incarcerated for the last 26 years." The court went on to comment that "the offenses [of conviction] themselves were … heinous [and] … involved multiple victims. … People were stripped down naked and … there were

---

[7]     Because the parties agree that the sentence imposed was unauthorized, we need not consider whether the trial court erred in imposing the upper term despite aggravating factors not having been proved in compliance with section 1170, subdivision (b). However, we note that section 1172.1 requires a trial court that recalls and resentences defendant pursuant to that section to "apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) The changes to section 1170 wrought by Senate Bill No. 567 (2021–2022 Reg. Sess.) and Assembly Bill No. 124 (2021–2022 Reg. Sess.) are the kinds of changes in law identified in section 1172.1, subdivision (a)(2) which must be applied when a defendant's sentence is recalled and they are resentenced.

children involved that were victims and subject to the offenses …. A weapon was used. …[D]efendant, prior to that heinous day, had a significant criminal history with prior poor performance on parole. He was not a youthful offender when the crimes were committed. [He] presents a medium risk [of reoffending] pursuant to the board of parole's comprehensive risk assessment …. He appears to have a substance use disorder, and that disorder has played a role in his prior criminality. He used drugs up until 2014 while incarcerated. And it appears to the [c]ourt tha[t] drugs played a significant factor in … defendant's criminality."

Based on that recitation, the trial court recalled defendant's sentence, stayed the firearm enhancements on counts I, III, IV, and stayed count VIII in its entirety. The court otherwise imposed the same sentence imposed on May 7, 2015, for an aggregate term of 39 years. The court commented that it "believe[d] that any further reduction in … defendant's sentence under the circumstances … described previously pose an unreasonable risk to danger of public safety due to the defendant's significant criminal history, the heinous nature of the offense[s], [and] defendant's prior poor performance when he was out of custody."

### B. Relevant Legal Principles

Section 1172.1, subdivision (a)(1) states: "When a defendant, upon conviction for a felony offense, has been committed to the custody of the [s]ecretary of the [CDCR] …, the court may … at any time upon the recommendation of the secretary … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if [the defendant] had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence."

Section 1172.1 includes an express presumption in favor of recall and resentencing a defendant for whom the secretary of the CDCR has made a recommendation in favor of recall and resentencing. (§ 1172.1, subd. (b)(2).) That presumption "may only be

overcome if a court finds the defendant currently poses an unreasonable risk of danger to public safety." (*Ibid.*)

If a trial court recalls a defendant's sentence and resentences them pursuant section 1172.1, the court "shall … apply any changes in law that reduce sentences or provide for judicial discretion." (§ 1172.1, subd. (a)(2); *People v. Pierce* (2023) 88 Cal.App.5th 1074, 1078.) The CDCR makes such recommendations "not only to bring to the trial court's attention sentences in need of correction (e.g., unauthorized sentences) but also to invite the court to recall sentences based upon equitable considerations (e.g., extending the benefit of an ameliorative change in the law to a defendant whose judgment is final)." (*People v. Williams* (2021) 65 Cal.App.5th 828, 834.) The "recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' " (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

Further, in resentencing a defendant pursuant to section 1172.1, a trial court "shall consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(5).)

We review a trial court's resentencing determination for abuse of discretion. (*People v. Frazier* (2020) 55 Cal.App.5th 858, 863.) " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' "

9.

[Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571.)

### C. Analysis

Defendant argues that the trial court "misapplied the facts and law" when it refused to reduce defendant's sentence further because " 'any further reduction … would pose an unreasonable risk to danger of public safety ….' "

First, defendant contends that the trial court's refusal to reduce the sentence further based on an unreasonable risk of danger to public safety was legally erroneous. Defendant correctly notes that a finding that a defendant "currently poses an unreasonable risk of danger to public safety" is the conclusion required to overcome the presumption in favor of entitlement to recall and resentencing.[8] (§ 1172.1, subd. (b)(2).) Nowhere in the statutory scheme is that finding related to a limitation on maximum reduction in term or a floor for resentencing. Defendant therefore argues that refusal to reduce his sentence further based on the finding that he posed an unreasonable risk of danger to public safety was legally erroneous. We disagree. The court very clearly expressed its understanding of that statutory requirement. It explained: "There is a presumption in favor of recall and resentencing of the defendant, which may only be overcome if the [c]ourt finds the defendant is an unreasonable risk of danger to the

---

[8] The phrase "currently poses an unreasonable risk of danger to public safety," within the meaning of section 1172.1 subdivision (b)(2), means an unreasonable risk that the defendant will commit a new particularly serious or violent felony, known colloquially as a " ' "super strike[]" ' " offense. (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818; see §§ 667, subd. (e)(2)(C)(iv), 1170.18, subd. (c), 1172.1, subd. (b)(2).)

public." The court then explicitly recalled defendant's sentence and resentenced him to a lesser term. Moreover, while the court said further reduction "would pose an unreasonable risk to danger of public safety," it did not purport to make the requisite finding for that conclusion, i.e., that defendant posed an unreasonable risk of commission of a new super strike offense or even discuss those offenses. Based on the court's clear understanding of the impact of the conclusion that defendant posed an unreasonable risk of danger to public safety within the meaning of section 1172.1, we must conclude that the court simply imprecisely used the statutorily defined term; it *did not* conclude that defendant posed an unreasonable risk of danger to public safety within the meaning of section 1172.1.

Placing the trial court's statement in context, the court refused to further reduce defendant's sentence because it concluded "any further reduction in … defendant's sentence under the circumstances … described previously would pose an unreasonable risk to danger of public safety due to the defendant's significant criminal history, the heinous nature of the offense, [and] defendant's prior poor performance when he was out of custody." The court's summary reinforces our conclusion that the court used the statutory phrase loosely and without the statutorily defined meaning. Further, we note that the goal of protecting society and the identified underlying considerations— defendant's criminal history, the nature of the offense, defendant's performance when out of custody, the offense involved multiple victims,[9] the offense involved minor victims,

---

[9] "Effective January 1991, 'multiple victims,' which had been listed as an aggravating circumstance in former [California Rules of Court,] rule 421(a)(4), was deleted. The Advisory Committee comment explained it 'was deleted to avoid confusion; cases in which that possible circumstance was relied on were frequently reversed because there was only a single victim in a particular count.' " (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1326, fn. 11.) However, "[n]either section 1170 nor the California Rules of Court attempt to provide an inclusive list of aggravating circumstances. Thus, a trial court is free to base an upper term sentence upon any aggravating circumstance that (1) the court deems significant and (2) is reasonably related to the decision being made." (*People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196; see rule 4.421(c) [besides the

defendant's use of a weapon, defendant's drug use or addiction—correlate to appropriate considerations in resentencing a defendant after recall. (See Cal. Rules of Court, rules 4.410(a)(1) [protecting society is a general objective of sentencing], 4.421(a)(1) ["acts disclosing a high degree of cruelty, viciousness, or callousness"], (a)(2) ["defendant was armed with or used a weapon"], (a)(3) ["[t]he victim was particularly vulnerable"], (b)(1) ["defendant has engaged in violent conduct that indicates a serious danger to society"], (b)(2) ["defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"], (b)(5) ["defendant's prior performance on probation, mandatory supervision, postrelease community supervision, or parole was unsatisfactory"]; § 1172.1, subd. (a)(5) [the "disciplinary record and record of rehabilitation of the defendant while incarcerated" as they relate to "defendant's risk for future violence"].) In short, the trial court's imprecise use of the phrase "pose an unreasonable risk of danger to public safety" does not indicate that it abused its discretion by considering inappropriate factors in imposing defendant's sentence.

Second, defendant contends that some of the factors relied upon by the trial court to reach the conclusion that he posed an unreasonable risk of danger to public safety were unsupported by the record. Specifically, he contends that findings that defendant presently had a substance abuse disorder that increased his risk of violent reoffending and that his violent criminal history indicated a present risk of violent recidivism were

---

enumerated circumstances in aggravation, a court may rely on "[a]ny other factors statutorily declared to be circumstances in aggravation or that reasonably relate to the defendant or the circumstances under which the crime was committed"]; see also California Rules of Court, rule 4.408(a).) "[A]lthough multiple victims is no longer expressly enumerated as a circumstance in aggravation in the California Rules of Court, the existence of multiple victims continues to be a valid aggravating circumstance that would support the imposition of the upper term." (*Crabtree*, at p. 1326, fn. omitted; accord *People v. Valenzuela* (1995) 40 Cal.App.4th 358, 365.)

12.

inconsistent with the recommendation by the secretary of the CDCR and the documents filed in support of it.

As noted above, in resentencing a defendant pursuant to section 1172.1, a court is required to consider "postconviction factors, including … [a defendant's] disciplinary record and record of rehabilitation …" to determine whether defendant posed a "reduced … risk for future violence." Otherwise, after a court has recalled a sentence, "the court still has discretion in imposing a new sentence. The new sentence cannot be more than the original sentence, but a court would not necessarily impose a lower sentence if the court did not otherwise feel that one was appropriate (unless a change in law from the time of the original sentence mandated a lower sentence)." (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended Apr. 22, 2021, p. 6.)

In this case, the trial court made clear that it "considered the entire file …, [including] … defendant's conduct while incarcerated for the last 26 years." The court then imposed a lesser term than previously imposed by imposing and staying firearm enhancements on counts I, III, and IV that were previously imposed and staying the term on count VIII in its entirety. It declined to impose a sentence less than 39 years in light of "defendant's significant criminal history, the heinous nature of the offense, [and] defendant's prior poor performance when … out of custody," as well as "the circumstances that [it] … described previously," which included defendant's substance abuse disorder and "medium risk" for re-offense "pursuant to the board of parole's comprehensive risk assessment." The court's description of defendant's history of substance abuse appears to be consistent with the record. It described that defendant "appear[ed] to have a substance use disorder, and that disorder … played a role in his prior criminality. He used drugs up until 2014 while incarcerated." The cumulative case summary and evaluation report prepared for the recall and resentencing process reflected that defendant suffered a rules violation report on February 13, 2014, for a positive drug

test for marijuana while in custody. The comprehensive risk assessment for the board of parole hearings report reflects that defendant believed his substance abuse contributed to prior crimes, but not the offenses that led to his incarceration in this case. It further indicated that he participated in substance abuse awareness courses,[10] but also "me[t] criteria for DSM-5 diagnoses of *Alcohol*, *Cannabis*, *and Cocaine Use Disorders*, *[i]n sustained remission*, *[i]n a controlled environment*." The report further reflected that defendant's "[s]ubstance abuse as a risk factor [for violence] continues to bear high relevance to future risk management strategies …." Also contained in the record was a list defendant prepared of his triggers and a set of coping strategies to avoid relapse. In short, while the record indicated that defendant had not tested positive for any controlled substance in a controlled environment since 2014, the risk of his relapse when released merited consideration. The court does not appear to have overstated or put undue emphasis on defendant's history of substance abuse. Consideration of that factor in assessing defendant's risk of future violence (§ 1172.1, subd. (a)(4)) was indicated by the record and not an abuse of discretion.

Next, the trial court summarized the basic details of defendant's offenses leading to his confinement and noted his significant prior criminal history. Based on the record before us, the summary of the offenses and criminal history appear to have been accurate. The court then repeated the board of parole hearings analyst's conclusion that defendant was a "[m]edium[] risk for violence." The trial court's conclusion that defendant continued to pose some risk of violence was not unsupported by the record as defendant contends. In short, we find no abuse of discretion.

## II. Unauthorized Sentence

We ordered the parties to submit supplemental briefing on whether the trial court imposed an unauthorized sentence by staying, rather than striking, the firearm and gang

---

**10**    A certificate of participation for one such course is contained in the record.

enhancements. The parties agree that the sentence imposed was unauthorized because the trial court was not permitted to stay the firearm enhancements on counts I, III, IV, V, and VIII, and the gang enhancements on counts I through V. They further agree that the appropriate remedy is to vacate defendant's sentence and remand for resentencing. We agree with the parties that the stay of enhancements on the counts that were not stayed was unauthorized. However, because count VIII was stayed in its entirety,[11] the stay of the firearm enhancement on that count was not unauthorized.

Sections 12022.5, subdivision (c), and 12022.53, subdivision (h), grant trial courts the authority to *strike* firearm enhancements in the interest of justice, pursuant to section 1385. Likewise, section 186.22, subdivision (h) grants trial courts the authority to *strike* additional punishment for gang enhancements in the interest of justice. On the other hand, the sentence on a count and all enhancements must be *stayed* to avoid multiple punishment for the same acts or omissions. (§ 654.) However, no authority exists to permit a court to *stay* all gang and firearm enhancements on a count (without also staying the entire sentence on the count pursuant to § 654). (See *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 (*Lopez*); § 1385, subds. (a), (b)(1) [authorizing courts to strike or dismiss enhancements or the punishment for such enhancements]; cf. *People v. Gonzalez* (2008) 43 Cal.4th 1118, 1129–1130 [§ 12022.53, subd. (f) limits imposition and execution of firearm enhancements to one enhancement per count; all other firearm enhancements as to that count must be stayed].)

"Ordinarily, an enhancement must be either imposed or stricken 'in furtherance of justice' under … section 1385. [Citations.] The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its

---

**11** Because the record before us does not contain a transcript of the trial testimony, we cannot determine whether count VIII may have been appropriately stayed pursuant to section 654. On remand, if the trial court again stays count VIII, it should clearly indicate on what basis it stays that count.

own discretionary sense of justice." (*Lopez*, *supra*, 119 Cal.App.4th at p. 364.) "Rather, the only authority for staying an enhancement is California Rules of Court, rule 4.447, which applies when 'an enhancement that *otherwise* would have to be either imposed or stricken is barred by an overriding statutory prohibition. In that situation—and that situation only—the trial court can and should stay the enhancement.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 139.)

In this case, the trial court imposed and did not stay a firearm enhancement as to count II; it imposed and stayed the firearm and gang enhancements (but not the underlying offenses) on counts I, III, IV, and V, each of which involved different victims; and it imposed and stayed a firearm enhancement and the term on count VIII. As the parties agree, the stays of the firearm and gang enhancements on counts I, III, IV, and V resulted in an unauthorized sentence. (*People v. Lopez*, *supra*, 119 Cal.App.4th at p. 364.) The court was required to either impose (and not stay) or strike the enhancements.

The parties agree, as do we, that the sentence must be vacated and the matter remanded for resentencing because it is not clear that the trial court would have stricken the enhancements on counts I, III, IV, and V had it understood the authorized sentencing choices. (See *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) We vacate the sentence and remand for full resentencing. (*People v. Buycks* (2018) 5 Cal.5th 857, 893.) We take no position on how the trial court should exercise its sentencing discretion on remand.[12]

## DISPOSITION

The sentence is vacated, and the matter is remanded for full resentencing consistent with this opinion.

---

[12] As the People correctly note, if the trial court exercises its discretion to strike the enhancements pursuant to section 1385, it must state its reasons on the record. (§ 1385, subd. (a); *People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)