Filed 4/21/25  P. v. Torres Vera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100502 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE017912) |
| v. | |
| MIGUEL TORRES VERA, | |
| Defendant and Appellant. | |

Following this court's previous remand in light of amendments to Penal Code section 1170[1] (*People v. Torres Vera* (Apr. 28, 2023, C094445) [nonpub. opn.]), defendant Miguel Torres Vera appeals a final judgment resentencing him to a 48-year determinate sentence, consecutive to 15 years to life.  He argues the trial court abused its

---

[1]     Further undesignated statutory references are to the Penal Code.

1

discretion when it imposed the middle term instead of the lower term presumption under section 1170, subdivision (b)(6). Finding no abuse of discretion, we affirm.

## BACKGROUND

### A. Torres Vera's Underlying Conviction and Original Sentence[2]

Torres Vera's daughter testified that he began molesting her when she was four or five years old. The daughter of Torres Vera's girlfriend testified that he sexually abused her as well. On the counts alleging crimes against Torres Vera's daughter, the jury found Torres Vera guilty of lewd and lascivious acts upon a child under the age of 14 years (§ 288, subd. (a)), committing lewd and lascivious acts by use of force or fear (§ 288, subd. (b)), and aggravated sexual assault of a child (§ 269, subd. (a)(4)). The jury found true the allegation that Torres Vera had substantial sexual contact with a child under 14 years of age (§ 1203.066, subd. (a)(8)). On the counts alleging crimes against the daughter of Torres Vera's girlfriend, the jury found Torres Vera guilty of committing lewd and lascivious acts upon a child under the age of 14 years (§ 288, subd. (a)). The trial court sentenced Torres Vera to an aggregate determinate term of 48 years in prison consecutive to an indeterminate term of 15 years to life.

### B. Appeal and Resentencing

Following the jury trial in 2021, Torres Vera appealed to this court raising several arguments, including that he was entitled to resentencing based on amendments to section 1170 made by Senate Bill No. 567 (2021-2022 Reg. Sess.) and Assembly Bill No. 124 (2021-2022 Reg. Sess.). In 2023, this court vacated the sentence and remanded for resentencing but otherwise affirmed the trial court's judgment. On remand, the trial court was instructed to reconsider the sentence in light of section 1170, subdivision (b)(6)'s

---

[2]    The summary of the underlying conviction and original sentence is taken from this court's previous unpublished opinion in this matter. (*People v. Torres Vera*, *supra*, C094445.)

amendments. Relevant to this case, those amendments include a presumption of imposing the lower term for defendants whose experience of psychological, physical, or childhood trauma, or intimate partner violence or human trafficking, was a contributing factor in their commission of the offense.

The trial court considered the parties' briefing, arguments, witness testimony, and the victims' and their families' statements. After weighing the evidence of mitigating circumstances, the court determined that the aggravating factors outweighed the statutory presumption in favor of the lower term. Thus, the trial court ultimately resentenced Torres Vera to the maximum applicable sentence—the middle term—and declined to impose the sentences concurrently. The court's relevant factual considerations and analysis are set forth in the discussion below.

## DISCUSSION

Torres Vera contends that the trial court abused its discretion by misunderstanding the applicable legal standard under section 1170, subdivision (b)(6), using the same facts to support multiple aggravating factors, and relying on elements of the underlying crime or unsupported facts to find aggravating factors. The People argue that the trial court did not confuse the applicable legal standard, and any inadvertent reference to a statute other than section 1170, subdivision (b)(6) was not enough to show that the court applied an incorrect standard. The People also argue that Torres Vera forfeited his challenges to the court's findings regarding aggravating circumstances by failing to object before the trial court. For those facts that Torres Vera contends are unsupported by the record, the People claim that there was sufficient evidence to support them.

*A. Standard of Review*

We review the trial court's sentencing decision for abuse of discretion. " 'In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, " '[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial

3

court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " [Citations.] Second, a " 'decision will not be reversed merely because reasonable people might disagree. "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " [Citation.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother* (2021) 72 Cal.App.5th 563, 571, quoting *People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

A trial court may also abuse its discretion if it misunderstood its sentencing discretion or considered impermissible factors in deciding which term to impose. "A court acting while unaware of the scope of its discretion is understood to have abused it." (*People v. Tirado* (2022) 12 Cal.5th 688, 694.) " '[T]he defendant must "affirmatively demonstrate that the trial court misunderstood its sentencing discretion." ' " (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988, quoting *People v. Lee* (2017) 16 Cal.App.5th 861, 866.)

B. *The Trial Court Appropriately Applied the Correct Legal Standard*

On remand, the trial court was instructed to apply section 1170 as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.). Relevant to the issues raised in this appeal, subdivision (b)(6) of section 1170 instructs: "[U]nless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense: [¶] (A) The person has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. [¶] . . . [¶] [or] (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence . . . ." Torres Vera

4

argues that the trial court abused its discretion and confused section 1170 with section 1385, which gives trial courts discretion to dismiss or strike sentencing enhancements, and which instructs trial courts to "consider and afford great weight" to defendants' "mitigating circumstances," including "childhood trauma." (§ 1385, subd. (c)(2)(E).)

During the resentencing hearing, the court explained its reasoning as follows: "So the question here today for us is to determine what the proper sentence should be. I did that once, what I thought the proper sentencing was in 2021, and now I'm going to consider the new requirements under 1385(c)(2). There is a presumption, if there are certain mitigating circumstances, that the Court should impose only the low term. That's the presumption of it. [¶] Under 1170(b)(6)(a), did the defendant experience trauma? And that's defined fairly broadly now: Childhood trauma, sexual trauma. And if so, was that mitigating factor a contributing factor?"

While considering the evidence of Torres Vera's traumas as mitigating factors, the court stated, "I think he . . . had some significant abusive things that happened to him when he was a child. . . . I don't want to downplay that. In fact, I put great weight on that in the consideration of how I'm supposed to sentence somebody." After some deliberation regarding the veracity of Torres Vera's evidence of intimate partner violence, the court also concluded, "I have to consider that intimate partner battering occurred."

The court then identified five aggravating factors and weighed them against the mitigating factors. The court cited evidence that Torres Vera "physically and forcibly sexually assaulted his victim" to find that the crimes involved acts disclosing a high degree of cruelty and callousness under California Rules of Court, rule 4.421(a)(1).[3] Next, the court concluded that the victims were particularly vulnerable under rule 4.421(a)(3) because one of the victims was Torres Vera's own child, and he was a father

---

[3]     Further undesignated rule references are to the California Rules of Court.

5

figure for the other victim. Third, the court found that the manner in which the crimes were carried out indicated planning under rule 4.421(a)(8) because Torres Vera seduced his victims, "had ways of trying to make them feel special[,] . . . used blankets to cover up in case somebody were to come in . . . [and] he talked to them to get them to feel scared of telling anybody." Fourth, Torres Vera took advantage of a position of trust and confidence under rule 4.421(a)(11) because of the "way that he was a stepfather and father to these children." Finally, the court concluded, considering Torres Vera's additional convictions for lewd and lascivious acts by force or fear under section 288, subdivision (b), that his crimes involved violent conduct indicating a serious danger to society under rule 4.421(b)(1).

After finding all of these aggravating factors, the court returned to the underlying lower term presumption. The court explained, "these multiple aggravating circumstances not just outweigh, they far outweigh the mitigating circumstances in this case. But there's still this presumption that I should consider low term." The court then applied the correct standard to determine if the presumption should be upheld. Under section 1170, if there are mitigating factors for a defendant, then a court "shall order imposition of the lower term" "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) After considering each factor, the trial court concluded—consistent with section 1170's instructions—that "it would be contrary to the interest of justice to actually give the low term in this case." Thus, it decided that the aggravating factors outweighed the mitigating factors such that the lower term presumption should not apply.

Torres Vera relies on the court's references to section 1385 and the phrases "consider" and "great weight" to argue that the court misapplied section 1385 rather than applying section 1170. Although the trial court did mention section 1385, it also expressly referred to section 1170 and characterized that section's lower term

6

presumption accurately. After finding that Torres Vera had suffered trauma related to abuse as a child and that it was also appropriate to consider that Torres Vera had been a victim of intimate partner battering in an abusive relationship, the court correctly referred to section 1170, subdivision (b)(6)(A)'s rule for factoring in trauma, acknowledging that for a mitigating factor to trigger the lower term presumption, it must be a "contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) The court elaborated that the statute does not require a contributing factor to be the "main reason" or the "only reason." That is a correct description of the contributing factor rule under section 1170. Conversely, if the court were relying on section 1385 instead of section 1170, then that description would be inaccurate, because section 1385 requires that if trauma is a mitigating factor, then it must have "substantially contributed to the defendant's involvement in the commission of the offense." (§ 1385, subd. (c)(6)(A), (B).) Because the trial court explicitly defined the contributing factor rule according to section 1170, we conclude that the court properly relied on the standard set forth in section 1170, not section 1385.

Considering all the evidence in the record reflecting the trial court's application of section 1170 to its sentencing decision, we are not convinced that the trial court's passing references to section 1385 meant that the court was unaware of the proper scope of its discretion under section 1170. Torres Vera's burden is to " ' "affirmatively demonstrate that the trial court misunderstood its sentencing discretion," ' " and he fails to meet that burden. (*People v. Fredrickson*, *supra*, 90 Cal.App.5th at p. 988.) "[I]n the absence of any affirmative indication in the record that the trial court committed error or would have exercised discretion . . . if it believed it had such discretion, relief on appeal is not appropriate." (*People v. Fuhrman* (1997) 16 Cal.4th 930, 945.)

The court also did not abuse its discretion when it concluded that the aggravating factors outweighed the mitigating factors and accordingly declined to apply the lower term presumption. " ' "[T]he burden is on the party attacking the sentence to clearly

7

show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony*, *supra*, 33 Cal.4th at pp. 376-377.) Under the statute, a court that concludes that aggravating factors outweigh any mitigating factors, may exercise its discretion to reject the lower term presumption if it finds that "imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) The trial court did so here. There is no indication in the record that the court acted irrationally or arbitrarily in rejecting the lower term presumption, and therefore, we presume the trial court acted to achieve legitimate sentencing objectives.

## C. *The Trial Court's Use of Aggravating Factors*

The trial court found five factors in aggravation: "The victim[s were] particularly vulnerable" (rule 4.421(a)(3)); Torres Vera "took advantage of a position of trust or confidence to commit the offense" (rule 4.421(a)(11)); "The crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness" (rule 4.421(a)(1)); Torres Vera "has engaged in violent conduct that indicates a serious danger to society" (rule 4.421(b)(1)); and "The manner in which the crime was carried out indicates planning, sophistication, or professionalism" (rule 4.421(a)(8)).

Torres Vera contends that the trial court erred by double-counting the same evidence to establish two different aggravating factors: vulnerable victims and taking advantage of a position of trust. To establish the victims' vulnerability, the court relied on the fact that "they were both in a position where they sought and needed parental comfort," and to find taking advantage of a position of trust, the court indicated, "I've already alluded to that—in a way that he was a stepfather and father to these children."

As an initial matter, we are not convinced that this particular type of double-counting is prohibited by law. "Although a single factor may be relevant to more than

8

one sentencing choice, such dual or overlapping use is prohibited to some extent.  For example, the court generally cannot use a single fact both to aggravate the base term and to impose an enhancement, nor may it use a fact constituting an element of the offense either to aggravate or to enhance a sentence."  (*People v. Scott* (1994) 9 Cal.4th 331, 350.)  However, using one piece of evidence to support two aggravating factors is treated differently, as our Supreme Court explained, "We have . . . held that such double-counting is generally permissible, as each factor has a separate purpose."  (*People v. Gutierrez* (2002) 28 Cal.4th 1083, 1154.)

Even if we assume that this type of double-counting is prohibited, Torres Vera forfeited his chance to remedy the issue by failing to object at trial.  When defendants raise issues for the first time on appeal, they forfeit "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices.  Included in this category are . . . cases in which the court purportedly erred because it double-counted a particular sentencing factor . . . ."  (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.)  We therefore find that the court did not err when it double-counted evidence to find two aggravating factors, but even if it did err, Torres Vera missed his opportunity to find relief by not raising the issue sooner.

Torres Vera further asserts that the trial court improperly relied on the same facts that comprised elements of the underlying offense to establish two more aggravating factors:  cruelty and callousness and violent conduct indicating a serious danger to society.  "A fact that is an element of the crime on which punishment is being imposed may not be used to impose a particular term."  (Rule 4.420(h).)  However, the same forfeiture rule applies to same-facts as double-counting, and thus, Torres Vera is not entitled to relief for such an error on appeal.  "A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751, quoting *People v. Scott*, *supra*, 9 Cal.4th

9

at p. 353.) Because Torres Vera is raising this issue for the first time on appeal, we consider it forfeited and decline to opine on its merits.

The court's fifth finding in aggravation was of planning. Torres Vera contends that the court relied on insufficient evidence to conclude that his conduct indicated planning, sophistication, or professionalism. As a sentencing decision by the court, we review this issue for abuse of discretion—which includes considering, " 'in part, whether there is sufficient, or substantial, evidence to support the court's finding that a particular factor was applicable.' " (*People v. Hicks* (2017) 17 Cal.App.5th 496, 512.)

In reviewing the record, we find there was sufficient evidence for the trial court to decide that applying the planning factor was appropriate. First, Torres Vera's ongoing abuse went undetected over many years, which implies that Torres Vera acted strategically to avoid raising suspicion. Next, the court relied on Torres Vera's habits of seducing his victims and "ways of trying to make them feel special" to continuously carry out his abuse. This evidence is reasonably related to the court's finding that Torres Vera acted with sophistication and planning to treat the minors in particular ways in order to repeatedly victimize them. Additionally, using blankets to cover his behaviors in case someone was to come into the room is sufficient evidence to further support the finding that Torres Vera planned out his abusive activities. In sum, there was ample evidence of planning in the record, and thus, the trial court did not abuse its discretion by applying the aggravating factor accordingly. " '[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it.' " (*People v. Strother*, *supra*, 72 Cal.App.5th at p. 571.) The trial court properly exercised its discretion to rely on this aggravating factor, and that reliance was reasonably related to its sentencing decision. (See *People v. Moberly* (2009) 176 Cal.App.4th 1191, 1196.) Therefore, we find no abuse of discretion and hold that the trial court justifiably found substantial evidence of planning as an aggravating factor.

*D. An Extraordinary Circumstances Standard Does Not Apply*

Finally, Torres Vera argues that the trial court abused its discretion by not making findings to establish that "this was an extraordinary case warranting departure from the lower term presumption." Torres Vera relies on inapplicable law to raise an inapplicable issue. By citing to case law relating to Three Strikes, not section 1170, Torres Vera argues for an "extraordinary circumstances" standard. There is no equivalent requirement for extraordinary circumstances under the statutory instruction provided in section 1170. To overcome the lower term presumption for defendants who have suffered trauma, the legal standard found in section 1170 requires only that the court find "that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6).) The trial court did so here. That is sufficient.

## DISPOSITION

The judgment is affirmed.


_____/s/_____
EARL, P. J.



We concur:



____/s/_____
MESIWALA, J.



____/s/_____
FEINBERG, J.

11